DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, WFM Acquisition L.L.C. ("WFM"), appeals from a judgment of the Summit County Court of Common Pleas that granted summary judgment to appellees, John and Darlene Sekermestrovich, on WFM's claim against them for ejectment, quiet title, and trespass. This Court affirms.
 {¶ 2} WFM and the Sekermestroviches are owners of adjoining property on South Main Street in Akron, Ohio. On February 23, 2001, WFM filed a complaint against the Sekermestroviches, alleging that their concrete block building extended "1.57 feet to 1.97 feet over a distance of 78.75 feet" onto the property owned by WFM. WFM alleged an action for ejectment, quiet title, and trespass, seeking damages and injunctive relief.
 {¶ 3} The Sekermestroviches responded with a motion to dismiss the complaint, asserting that WFM had failed to bring its action within the twenty-one-year statute of limitations set forth in R.C. 2305.04. They asserted, with an affidavit in support, that they purchased their property in 1976 and had been using the disputed strip of property since that time. They explained that they had initially stored equipment on the disputed portion of property and later constructed the concrete building that currently encroaches on the WFM property.
 {¶ 4} WFM responded in opposition, asserting that the Sekermestroviches had been using the strip of property for less than twenty-one years and that, therefore, they had filed their suit within the statute of limitations. WFM attached no evidence to support that argument, however.
 {¶ 5} On August 9, 2001, the trial court converted the motion to dismiss into a motion for summary judgment because the parties were disputing a defense that relied on evidence outside of the pleadings. The trial court notified the parties and gave the Sekermestroviches thirty days to file any additional briefs or evidence and gave WFM an additional thirty days to file its brief and evidence in response.
 {¶ 6} The Sekermestroviches later requested, and were granted, an extension of time to file their additional materials. The trial court ordered that their additional materials be filed by November 5, 2001 and that WFM's additional materials be filed by December 5, 2001. Nevertheless, neither party filed any additional materials. On February 27, 2003, WFM filed a motion, in which it requested that the trial court grant it summary judgment because the Sekermestroviches had failed to file any further evidence. No evidence was attached to WFM's motion.
 {¶ 7} On May 23, 2003, the trial court granted summary judgment to the Sekermestroviches, finding that WFM had failed to meet its burden as the nonmoving party on summary judgment. Specifically, the Sekermestroviches had pointed to evidence that WFM failed to bring its action within the statute of limitations and WFM had pointed to no evidence to the contrary. WFM appeals and raises one assignment of error.
 ASSIGNMENT OF ERROR "The trial court erred by granting summary judgment toappellees where appellees failed to file any additional brief orother evidence in support of said motion for summary judgment, asdirected by the trial court."
 {¶ 8} WFM contends that the trial court erred in granting summary judgment to the Sekermestroviches because: (1) the trial court denied WFM an opportunity to respond to the motion and (2) the Sekermestroviches failed to meet their burden as the party moving for summary judgment.
 {¶ 9} The record reveals that the trial court complied with the notice requirements of the civil rules when it converted the motion to dismiss into a motion for summary judgment. Civ.R. 12(B) provides, in pertinent part:
"When a motion to dismiss for failure to state a claim upon which relief can be granted presents matters outside the pleading and such matters are not excluded by the court, the motion shall be treated as a motion for summary judgment and disposed of as provided in Rule 56. Provided, however, that the court shall consider only such matters outside the pleadings as are specifically enumerated in Rule 56. All parties shall be given reasonable opportunity to present all materials made pertinent to such a motion by Rule 56."
 {¶ 10} The trial court must notify the parties at least fourteen days before the time fixed for hearing when it converts a motion to dismiss for failure to state a claim into a motion for summary judgment. Petrey v. Simon (1983),4 Ohio St.3d 154, paragraph two of the syllabus. It is fundamental that the trial court give each party an ample "opportunity" to present additional materials pertinent to the summary judgment issues; nothing in the civil rules or the case law requires the parties to submit additional briefs or evidence.
 {¶ 11} In this case, the trial court had given both parties more than ample opportunity to submit additional evidence and arguments. The trial court gave notice to both parties that it was converting the Sekermestroviches' motion to dismiss for failure to state a claim into a motion for summary judgment. The trial court gave the Sekermestroviches thirty days, which was later extended, "to file whatever it finds necessary in the way of further briefs or evidence to support its motion for summary judgment." WFM was given thirty days after that date to respond.
 {¶ 12} The Sekermestroviches never filed additional materials but they were not required to do so. Due to the passage of more than a year, the trial court could reasonably conclude that the Sekermestroviches chose to rely on the evidence and arguments presented in their original motion to dismiss. WFM had been put on notice that the motion had been converted and nothing prevented it from filing a brief and evidence in opposition to summary judgment after the time had lapsed for the Sekermestroviches to file additional materials. WFM has failed to demonstrate that the trial court denied it an opportunity to respond to the converted motion for summary judgment.
 {¶ 13} Next, WFM asserts that the Sekermestroviches failed to meet their burden on summary judgment. Pursuant to Civ.R. 56(C), summary judgment is proper if:
"(1) [N]o genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the nonmoving party." State ex. rel.Howard v. Ferreri (1994), 70 Ohio St.3d 587, 589.
 {¶ 14} Doubts must be resolved in favor of the nonmoving party. Horton v. Harwick Chem. Corp. (1995), 73 Ohio St.3d 679,686.
 {¶ 15} A party moving for summary judgment bears an initial burden of pointing to "some evidence of the type listed in Civ.R. 56(C) which affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving party's claims."Dresher v. Burt (1996), 75 Ohio St.3d 280, 293. (Emphasis sic.) When a moving party has met this initial burden, the nonmoving party "may not rest on the mere allegations of her pleading, but her response * * * must set forth specific facts showing the existence of a genuine triable issue." State ex rel. Burnes v.Athens Cty. Clerk of Courts (1998), 83 Ohio St.3d 523, 524.
 {¶ 16} WFM asserts that the Sekermestroviches failed to satisfy their burden as the party moving for summary judgment. At the time the Sekermestroviches filed their motion to dismiss, however, they asserted that WFM's claims were barred by the twenty-one-year statute of limitations. The relevant statute of limitations for WFM's action is set forth in R.C. 2305.04, which provides:
"An action to recover the title to or possession of real property shall be brought within twenty-one years after the cause of action accrued, but if a person entitled to bring the action is, at the time the cause of action accrues, within the age of minority or of unsound mind, the person, after the expiration of twenty-one years from the time the cause of action accrues, may bring the action within ten years after the disability is removed."
 {¶ 17} In support of their argument, the Sekermestroviches attached evidence that they had been exercising exclusive control over the disputed property for more than twenty-one years. Included in their evidence was an affidavit of Mr. Sekermestrovich, in which he attested, among other things, that he had been using the disputed portion of property since 1976. First, he used the property for the storage of equipment and, in 1979, built the concrete building that now sits on the property in dispute.
 {¶ 18} This evidence was sufficient to meet the burden of the Sekermestroviches on summary judgment to establish its statute of limitations defense. The burden then shifted to WFM to present evidence to the contrary. Although WFM had claimed in opposition to the motion to dismiss that the Sekermestroviches had not been using the disputed property for the requisite twenty-one-year period, it failed to submit any evidence to support that argument. Because WFM failed to submit any evidence in opposition to summary judgment, the trial court did not err in finding that the Sekermestroviches had established a defense to WFM's claims and that they were entitled to summary judgment. The assignment of error is overruled.
Judgment affirmed.
Whitmore, J. and Batchelder, J., concur.