[Cite as *Hicks v. Cadle Co.*, 2016-Ohio-4728.]

**IN THE COURT OF APPEALS**

**ELEVENTH APPELLATE DISTRICT**

**TRUMBULL COUNTY, OHIO**


| | | |
|---|---|---|
| KERRY R. HICKS, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2014-T-0103** |
| THE CADLE COMPANY, et al., | : | |
| Defendants-Appellants, | : | |
| THE HOME SAVINGS AND LOAN COMPANY OF YOUNGSTOWN, OHIO, | : | |
| | : | |
| Intervening Defendant. | | |


Civil Appeal from the Trumbull County Court of Common Pleas.
Case No. 2011 CV 01148.

Judgment: Affirmed in part, reversed in part, and remanded.


*Christopher S. Williams* and *Ronald M. McMillan*, Calfee, Halter & Griswold, LLP, The Calfee Building, 1405 East Sixth Street, Cleveland, OH 44114; *Kris J. Kostolansky*, Lewis Roca Rothgerber Christie LLP, One Tabor Center, Suite 3000, 1200 Seventeenth Street, Denver, CO 80202; *John T. Dellick*, Harrington, Hoppe & Mitchell, Ltd., 26 Market Street, Suite 1200, P.O. Box 6077, Youngstown, OH 44501-6077 (For Plaintiff-Appellee).

*Victor O. Buente, Jr.*, Cadle Company, 100 North Center Street, Newton Falls, OH 44444-1321; *F. Dean Armstrong*, Armstrong Law Firm, 1324 Dartmouth Road, Flossmoor, IL, 60422 (For Defendants-Appellants).


TIMOTHY P. CANNON, J.

{¶1}   Appellants, The Cadle Company ("TCC"), Daniel C. Cadle ("Cadle"), and

United Joint Venture Limited Partnership ("United"), appeal the November 3, 2014

judgment of the Trumbull County Court of Common Pleas granting summary judgment in favor of appellee, Kerry R. Hicks ("Hicks"), with respect to appellants' amended counterclaim. The counterclaim at issue set forth three causes of action alleging Hicks caused damage to Cadle by violating Ohio's Pattern of Corrupt Activities Act (R.C. 2923.31, et seq.), intentionally inflicted emotional distress with regard to Cadle, and tortiously interfered with the business relations between all appellants and The Home Savings and Loan Company of Youngstown, Ohio ("Home Savings").

{¶2} Cadle is the former president and current owner and director of TCC, a debt collection company. TCC is the only general partner and registered agent of United, which is also a debt collection company. Litigation between the parties began in September 2003 when Buckeye Retirement Co., LLC ("Buckeye") sued Hicks and his business partner. Buckeye is apparently another debt collection company and an alter ego of TCC and Cadle.

{¶3} The suit was brought in federal district court in Tennessee and sought to collect the outstanding debt on a promissory note. Allegations of tortious misconduct were asserted by both sides. A history of litigation between the parties is detailed in three opinions of the United States Court of Appeals for the Tenth Circuit: *Hicks v. Bank of Am., N.A.*, 218 Fed.Appx. 739 (10th Cir.2007); *Hicks v. Cadle Co.*, 355 Fed.Appx. 186 (10th Cir.2009); *Hicks v. Cadle*, 436 Fed.Appx. 874 (10th Cir.2011).

{¶4} Hicks and others obtained a loan from Bank of America in 1999; Hicks was one of the signators on the note and two renewed versions thereof. However, Hicks contended he was not liable on the balance of $1,000,000.00 pursuant to an oral, collateral agreement with Bank of America—this was the amount outstanding when

2

Buckeye purchased the note from Bank of America in 2002. The note contained a provision requiring binding arbitration of

> [a]ny controversy or claim between or among the parties hereto including but not limited to those arising out of or relating to this instrument, agreement or document or any related instruments, agreements or documents, including any claim based on or arising from an alleged tort[.]

The note also contained a venue provision that any litigation would take place in Tennessee. In proceedings before the Tenth Circuit, the parties agreed that Tennessee law governed.

{¶5} Shortly after Buckeye purchased the note, TCC, acting on behalf of Buckeye, attempted to collect the debt from Hicks in an action filed in Tennessee. It was alleged that the debt collection activities of TCC and Buckeye are intertwined: TCC employees were, at times, also Buckeye employees; TCC employees, including Cadle, made collection calls and participated in collection-related correspondence in Buckeye's name; and TCC computer systems and phones were also used in Buckeye's name. Three separate arbitrations in Colorado followed Buckeye's efforts to collect from Hicks. Hicks was successful in all three arbitrations and obtained significant damage awards against Cadle. The amount due on the note itself, if any, was assigned back to Bank of America in 2003.

{¶6} This Ohio action between Hicks and appellants began in May 2011 when Hicks sought declaratory judgment and injunctive relief to prevent appellants from transferring assets belonging to Cadle, a principal of TCC and United. Appellants were in negotiations with Home Savings to refinance an outstanding debt. Hicks was apparently concerned that funds from Cadle's IRA account would be used to pay Home

3

Savings and would therefore not be available to satisfy the arbitration award. Hicks registered his arbitration award in the United States District Court for the Northern District of Ohio and brought suit in Trumbull County seeking to enforce the award. A temporary restraining order was issued, and the matter was set for hearing on Hicks' request for a preliminary injunction. Appellants then filed an answer, a counterclaim, and a jury demand.

{¶7} At a June 28, 2011 hearing, Hicks' request for a preliminary injunction was denied, and the temporary restraining order was dissolved. Thereafter, the arbitration award was paid, and Hicks voluntarily dismissed his claims.

{¶8} After dismissal of Hicks' complaint, appellants' counterclaim remained pending. With regard to appellants' counterclaim, Hicks filed a motion to stay litigation and compel arbitration or, in the alternative, to dismiss all counts pursuant to Civ.R. 12(B)(6) for failure to state a claim upon which relief could be granted. While the motion was pending, appellants filed an amended counterclaim regarding conduct alleged to have occurred between 2007 and 2011. Cadle alleged violations of Ohio's Pattern of Corrupt Activities Act (R.C. 2923.31, et seq.) and intentional infliction of emotional distress; all three appellants jointly alleged tortious interference with a business relationship. The trial court denied Hicks' motion to compel arbitration, finding appellants' counterclaim was not subject to the note's arbitration provision.

{¶9} Hicks then filed a motion to dismiss the amended counterclaim. This motion contained numerous exhibits, copies of court orders, and excerpts from depositions and arbitration testimony. Because the motion was supported by materials outside of the pleadings, the trial court converted it to a motion for summary judgment

4

pursuant to Civ.R. 12(B). The trial court gave the following instructions: "Defendant[s] may file a supplemental Opposition to Motion for Summary Judgment by no later than March 08, 2013. Plaintiff may file a supplemental Reply by no later than March 22, 2013."

{¶10} After appellants filed their supplemental Opposition, but prior to Hicks filing a supplemental Reply, Hicks appealed the trial court's denial of his motion to compel arbitration, and the trial court proceedings were stayed pending our decision. This court affirmed the trial court's ruling, holding Hicks could not compel arbitration, and the matter proceeded below. *Hicks v. Cadle Co.*, 11th Dist. Trumbull No. 2013-T-0017, 2014-Ohio-872.

{¶11} After the stay was lifted, Hicks filed a supplemental Reply in support of his converted motion for summary judgment. Appellants moved the trial court to strike portions of the reply primarily due to the fact it contained additional evidentiary material in the form of affidavits and additional arguments. The trial court overruled appellants' motion to strike and granted Hicks' motion for summary judgment on all three counts of appellants' counterclaim.

{¶12} Appellants filed a timely notice of appeal and raise the following assignments of error for our review:

> [1.] The Trial Court erred in denying the Cadle Parties' Motion to Strike the portions of Hicks' Supplemental Brief that went beyond the arguments and evidence submitted in Hicks' Motion for Summary Judgment.
>
> [2.] The Trial Court erred in granting Summary Judgment in favor of Hicks on the Cadle Parties' Counterclaims.

5

{¶13} Under their first assignment of error, appellants assert the trial court erred when it denied their motion to strike portions of Hicks' supplemental brief. They claim it improperly raised new arguments not previously asserted and contained supporting evidentiary material not previously attached to his converted motion for summary judgment. Their second assignment of error asserts the trial court erred in granting Hicks' motion for summary judgment.

{¶14} A trial court's decision to grant or deny a motion to strike is reviewed under an abuse of discretion standard. *Johnsonite, Inc. v. Welch*, 11th Dist. Geauga No. 2011-G-3012, 2011-Ohio-6858, ¶21, citing *State ex rel. Mora v. Wilkinson*, 105 Ohio St.3d 272, 2005-Ohio-1509, ¶10. An abuse of discretion is the trial court's "'failure to exercise sound, reasonable, and legal decision-making.'" *State v. Beechler*, 2d Dist. Clark No. 09-CA-54, 2010-Ohio-1900, ¶62, quoting *Black's Law Dictionary* 11 (8th Ed.2004).

{¶15} On the other hand, we review a trial court's decision on a motion for summary judgment de novo. *Fed. Home Loan Mtge. Corp. v. Zuga*, 11th Dist. Trumbull No. 2012-T-0038, 2013-Ohio-2838, ¶13, citing *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). Pursuant to Civil Rule 56(C), summary judgment is proper when

> (1) [n]o genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.

*Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977). "Since summary judgment denies the party his or her 'day in court' it is not to be viewed lightly as docket control or as a 'little trial.' The jurisprudence of summary judgment standards has

6

placed burdens on both the moving and the nonmoving party." *Welch v. Ziccarelli*, 11th Dist. Lake No. 2006-L-229, 2007-Ohio-4374, ¶40, citing *Dresher v. Burt*, 75 Ohio St.3d 280 (1996). Therefore, if a ruling on a motion to strike has prejudicially interfered with the summary judgment exercise, such ruling must be viewed as an abuse of discretion.

{¶16} Civ.R. 12(B) states that "[w]hen a motion to dismiss for failure to state a claim upon which relief can be granted presents matters outside the pleading and such matters are not excluded by the court, the motion shall be treated as a motion for summary judgment and disposed of as provided in Rule 56." There are limitations, however, in treating a motion to dismiss as a motion for summary judgment. First, the trial court must only consider "such matters outside the pleadings as are specifically enumerated in Rule 56." *Id.* Second, all parties must "be given reasonable opportunity to present all materials made pertinent to such a motion by Rule 56." *Id.* Pertinent evidentiary material, as enumerated in Civil Rule 56, are "pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any[.]"

{¶17} Here, Hicks filed a motion to dismiss appellants' amended counterclaim for failure to state a claim. The trial court issued an entry converting Hicks' motion to one of summary judgment and first instructed appellants, the nonmoving parties, to file a "supplemental Opposition to Motion for Summary Judgment by no later than March 08, 2013." It then instructed that Hicks, the moving party, may file a "supplemental Reply by no later than March 22, 2013." Both parties eventually filed as instructed, and appellants moved to strike portions of Hicks' supplemental reply.

**{¶18}** In its motion to strike, appellants argued that Hicks raised new arguments and included new evidentiary materials in his supplemental reply brief, which subjected them to "summary judgment by ambush." The trial court disagreed and stated the cases cited by appellants in support were distinguishable because they "involved conventional summary judgment motions, not motions to dismiss which were then converted to summary judgment motions pursuant to Civ.R. 12(B)." We agree with appellants that this is a distinction without a difference. In fact, under the circumstances of this case, it seems that unless the conversion procedure allowed the nonmoving party a reasonable opportunity to respond, there is even more of an opportunity for "summary judgment by ambush" than with a conventional summary judgment motion.

> It is well-established that a party moving for summary judgment must expressly delineate each basis on which it seeks summary judgment in its motion so as to provide the opposing party a meaningful opportunity to respond. The danger in allowing a new argument to be asserted in a reply or a supplemental motion is that the opposing party does not have an opportunity to respond and may be subjected to summary judgment by ambush. Therefore, when a new argument is raised in a reply or supplemental motion for summary judgment, the proper procedure is to strike the reply or supplemental motion or, alternatively, to allow the opposing party to file a surreply.

*Baker v. Coast to Coast Manpower, LLC*, 3d Dist. Hancock No. 5-11-36, 2012-Ohio-2840, ¶35 (internal citations omitted).

**{¶19}** The trial court further stated that the "pertinent portion" of Civ.R. 12(B) requires the court to give the parties "'reasonable opportunity to present all materials made pertinent to such a [converted] motion by Rule 56'" and that it "did exactly that, by permitting the parties to submit supplemental briefs." A review of the entry that converted the motion to dismiss to a motion for summary judgment indicates, however,

8

that the procedure employed by the trial court did not provide appellants a reasonable opportunity to respond to new, supplemental evidence filed by Hicks.

{¶20} To prevail on a motion for summary judgment, the moving party has the initial burden to affirmatively demonstrate that there is no genuine issue of material fact to be resolved in the case, relying on evidence in the record pursuant to Civ.R. 56(C). *Dresher*, *supra*, at 292. If this initial burden is met, the nonmoving party then bears the reciprocal burden to set forth specific facts which prove there remains a genuine issue to be litigated, pursuant to Civ.R. 56(E). *Id.* at 293. It stands to reason that if the moving party's burden is not met in the first instance, the burden never shifts to the nonmoving party, and the motion for summary judgment must be denied. *Id.*

{¶21} When a conventional motion for summary judgment is filed, "[u]nless otherwise provided by local rule or by order of the court, the adverse party may serve responsive arguments and opposing affidavits within twenty-eight days after service of the motion, and the movant may serve reply arguments within fourteen days after service of the adverse party's response." Civ.R. 56(C). When a motion to dismiss is converted into a motion for summary judgment, however, the parties are notified and the moving party is initially given a reasonable opportunity to file any additional arguments or evidence. *See, e.g.*, *WFM Acquisition, L.L.C. v. Sekeremestrovich*, 9th Dist. Summit No. 21610, 2004-Ohio-1238, ¶10. This is logical, as the moving party did not seemingly intend its motion to dismiss to be reviewed as a motion for summary judgment; it therefore must be given an opportunity to meet its initial burden. If the moving party meets this burden, the burden then shifts to the nonmoving party who is given an opportunity to respond to the original motion to dismiss, attached evidentiary

9

materials, and any additional arguments or evidence filed after conversion of the motion. Allowing the nonmoving party to respond to only a portion of the arguments and evidence that the trial court will eventually permit the moving party to present confounds the burden-shifting exercise.

{¶22} Here, the trial court simultaneously overruled appellants' motion to strike the new evidence and granted Hicks' motion for summary judgment. In its judgment entry, the trial court acknowledged that Hicks included new supporting evidentiary materials in his supplemental reply brief. The trial court stated, in part, that "while the Court described the supplemental submission to be filed by Plaintiff as a 'supplemental Reply,' this did not, as Defendants claim, preclude Plaintiff from submitting any evidence beyond what had already been included in its original motion to dismiss." Perhaps not; but because the court instructed the *moving party* to file its supplemental brief last in time, it should not then have prevented the *nonmoving party* a meaningful opportunity to respond to new evidence presented by the moving party in that supplemental reply.

{¶23} In addition, the trial court's decision to convert the motion was based on its assertion that Hicks "submitted extensive outside evidentiary materials in support of his motion" to dismiss. We note, however, that although Hicks did attach nearly 50 exhibits, they were not of evidentiary quality as required by Civ.R. 56. While Hicks suggested the trial court could take judicial notice of many of the attachments, the trial court properly refused to do so. As a result, because there was no properly authenticated evidentiary material filed in support, the burden never shifted to appellants. Thereafter, the only evidentiary material submitted by Hicks in support of a motion for summary

judgment were the new affidavits attached to his supplemental reply and items incorporated therein. For the first time, the trial court had before it proper evidentiary material it could consider in support of the motion for summary judgment. Therefore, under the circumstances, we find that the trial court did not abuse its discretion in denying appellants' motion to strike.

{¶24} Appellants' first assignment of error is without merit.

{¶25} As noted, the trial court granted summary judgment in the same entry in which it denied the motion to strike. The trial court stated appellants should have "requested an opportunity" to "offer additional evidentiary materials." We agree. However, under the particular circumstances of this case, allowing the affidavits in the supplemental reply effectively shifted the burden to appellants, for the first time, to submit evidentiary material in response. Once the trial court, in its discretion, denied the motion to strike, it should have allowed additional time for appellants to respond. As a result, we find the trial court erred in granting summary judgment in favor of Hicks without first providing appellants a reasonable opportunity to respond to the evidentiary material after overruling the motion to strike. Additionally, we find the procedure utilized by the trial court in converting the motion to dismiss and the standard it applied in ruling on the motion for summary judgment improperly placed the initial burden of production on appellants.

{¶26} "The moving party cannot discharge its initial burden under Civ.R. 56 simply by making a conclusory assertion that the nonmoving party has no evidence to prove its case but must be able to specifically point to some evidence of the type listed in Civ.R. 56(C) that affirmatively demonstrates that the nonmoving party has no

11

evidence to support the nonmoving party's claims." *Welch*, *supra*, at ¶40. "If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied." *Id.*

{¶27} Here, the trial court stated: "Thus, it is clear from the foregoing that Plaintiff, prior to conversion of his motion, expressly argued that Defendants could prove no facts which would support any of their Amended Counterclaims. Defendants were then given the full opportunity to respond to these arguments and submit evidentiary materials of their own[.]" This reflects an improper placement of the burden on appellants. Hicks did argue in his motion to dismiss that appellants could prove no facts to support their counterclaim. However, this is not a proper argument in support of a Civ.R. 12(B)(6) motion to dismiss; the issue is whether a cause of action is properly alleged. Once that motion to dismiss was converted to a motion for summary judgment, however, Hicks had the burden to demonstrate that, construing the evidence in a light most favorable to appellants, there was no genuine issue of material fact to be resolved in the case and that he was entitled to judgment as a matter of law.

{¶28} Contrary to the trial court's entry, appellants should not have had the initial burden of coming forward with facts to support their counterclaim based solely on an allegation that no supporting facts existed. Nevertheless, the first evidentiary material submitted to the court regarding summary judgment was submitted by appellants, the nonmoving parties. A review of the record indicates that, prior to appellants' submission, Hicks had not presented evidentiary material sufficient to shift the burden to appellants to overcome the motion for summary judgment. Parenthetically, we note that Hicks' counsel conceded this fact at oral argument and also acknowledged that the

12

sequence created by the trial court's entry was a "procedural anomaly." Counsel argued, however, that this "did not deprive the parties of their rights" and "there was no prejudicial error." We simply do not agree. If the nonmoving party had not responded at all, summary judgment still would not have been proper. Because Hicks did not meet his initial evidentiary burden, even if it was only due to the "procedural anomaly," the trial court erred in granting summary judgment in favor of Hicks.

{¶29} We note that the dissenting opinion mischaracterizes our basis for finding error. The trial court's decision to convert the motion to dismiss to one for summary judgment was based on the fact that Hicks attached numerous exhibits to his motion. The trial court did not rely on those exhibits, however, in reaching its decision to grant summary judgment. Whether appellants objected to the trial court relying on those exhibits is therefore irrelevant. The trial court relied only on the proper evidentiary material before it. The procedure it employed to receive that evidentiary material improperly placed the initial burden of production on the nonmoving party. Therein lies the error.

{¶30} Appellants' second assignment of error has merit.

{¶31} This does not end our analysis, however, as Hicks has also raised two cross-assignments of error for our review:

> [1]. In addition to the grounds relied on by the Trial Court, the Trial Court's decision to grant Plaintiff's motion for summary judgment should also be upheld on the basis of the litigation privilege.
>
> [2.] In addition to the grounds relied on by the Trial Court, the Trial Court's decision to grant Plaintiff's motion for summary judgment as to the IIED claim should also be upheld on the basis that it is outside the statute of limitations.

13

{¶32} "In connection with an appeal of a final order, judgment, or decree of a court, assignments of error may be filed by an appellee who does not appeal, which assignments shall be passed upon by a reviewing court before the final order, judgment, or decree is reversed in whole or in part." R.C. 2505.22. *See also Rzeszotarski v. Sanborn*, 11th Dist. Geauga No. 95-G-1906, 1996 Ohio App. LEXIS 2372, *25 (June 7, 1996) ("Cross-assignments of error are asserted for the purpose of preserving the relief granted in the trial court's judgment generally for reasons not advanced by the trial court, to further guard against reversal * * *.").

{¶33} Hicks first argues the grant of summary judgment on all counts should be upheld "on the alternative grounds that all conduct alleged by Defendants is protected conduct under the litigation privilege." Because of the outcome under appellants' second assignment of error—i.e., that the trial court improperly placed the initial burden of production on appellants—we cannot uphold the grant of summary judgment on alternative grounds that also require supporting evidentiary material.

{¶34} Hicks' first cross-assignment of error is without merit.

{¶35} Hicks also asserts that the grant of summary judgment on the count of intentional infliction of emotional distress should be upheld because it is barred by the statute of limitations. In his brief on appeal, Hicks makes the following arguments: "[t]he vast majority of [his] alleged wrongful conduct relates to [his] allegedly defamatory statements, thus requiring application of the one year limitations period for defamation"; certain other claims "are subject to the one-year statute of limitations for false imprisonment or malicious prosecution"; and "[a]ll of this conduct occurred in the summer of 2007." In response, Cadle asserts that "under the continuous course of

14

conduct doctrine * * * and with Hicks being a Colorado resident with limited excursions into Ohio," Hicks has not met his burden with regard to summary judgment being warranted in his favor on the alternative grounds that Cadle was time-barred.

**{¶36}** As a result, a determination as to whether Cadle's intentional infliction of emotional distress claim was barred by the statute of limitations is fact-intensive. The trial court did not reach this issue in its entry and thus made no findings as to whether, inter alia, the alleged wrongful conduct amounted to defamation, false imprisonment, or malicious prosecution; whether it all occurred in the summer of 2007; whether the conduct took place in Colorado or Ohio; and whether the continuous course of doctrine applies. On remand, Cadle will have an opportunity to submit evidentiary material in support of his position with regard to this cause of action. It would be inappropriate for this court to address these factual allegations and legal arguments for the first time on appeal. We therefore decline to address the statute of limitations issue until the trial court has first engaged in a review of the issue. *See, e.g., McDonald v. Corning*, 5th Dist. Perry No. 13-CA-00011, 2014-Ohio-1614, ¶26; *Schmucker v. Kurzenberger*, 9th Dist. Wayne No. 10CA0045, 2011-Ohio-3741, ¶14; *Lang v. Holly Hill Motel, Inc.*, 4th Dist. Jackson No. 05CA6, 2005-Ohio-6766, ¶22; *see also Murphy v. Reynoldsburg*, 65 Ohio St.3d 356, 360 (1992).

**{¶37}** Hicks' second cross-assignment of error is without merit.

**{¶38}** The judgment of the Trumbull County Court of Common Pleas is affirmed in part and reversed in part, and the matter is remanded for further proceedings consistent with this opinion.

DIANE V. GRENDELL, J., concurs,

COLLEEN MARY O'TOOLE, J., dissents with a Dissenting Opinion.

_____

COLLEEN MARY O'TOOLE, J., dissents with a Dissenting Opinion.

{¶39} I would affirm the trial court's grant of summary judgment to Mr. Hicks.

{¶40} Initially, the majority contends the trial court relied on evidence outside the bounds of Civil Rule 56 when it converted Mr. Hicks' motion to dismiss to one for summary judgment, thus improperly shifting the initial burden of proof in the summary judgment exercise to appellants. I respectfully disagree. Improper summary judgment evidence may be considered by a trial court if no objection is made to it. *Millstone Condos. Unit Owners Assn. v. 270 Main St.*, 11th Dist. Lake No. 2011-L-078, 2012-Ohio-2562, ¶62. It does not appear appellants did object to the trial court relying on the evidence submitted initially by Mr. Hicks.

{¶41} Second, the majority contends the trial court improperly denied appellants the opportunity to respond to new affidavits and evidentiary material appended by Mr. Hicks to his reply brief. As the trial court noted, the new materials submitted by Mr. Hicks responded to new materials submitted by appellants with their brief in opposition. Thus, the materials submitted by Mr. Hicks with his reply brief were perfectly proper. *See, e.g., Capital One Bank (USA), NA v. Reese*, 11th Dist. Portage No. 2014-P-0034, 2015-Ohio-4023, ¶98. However, as the trial court observed, appellants never sought to submit further materials on the allegedly new issues set forth by Mr. Hicks, by way of

supplemental affidavits (or a surreply): they simply sought to strike those materials and arguments. The trial court could not err by failing to grant relief never requested.

**{¶42}** The majority takes umbrage for an alleged mischaracterization of the basis for its opinion. It asserts the trial court did not rely on the numerous exhibits attached to Mr. Hicks' motion to dismiss, once the trial court made the decision to convert the motion to one for summary judgment. I disagree for two reasons.

**{¶43}** First, why would the trial court convert the motion, if it did not intend to rely on the evidentiary materials attached to it? Under Civ.R. 12(B)(6), the trial court had the discretion simply to ignore those materials.

**{¶44}** Second, the majority inaccurately relates what the trial court stated in its February 22, 2013 judgment entry converting the motion to dismiss. To quote:

**{¶45}** "In order to prevail on a Civ.R. 12(B)(6) motion, it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling plaintiff to recover. *Hester v. Dwivedi*, 89 Ohio St.3d 575, * * * (2000). A court is confined to the averments set forth in the complaint and cannot consider outside evidentiary materials. *Id.* If outside evidentiary materials are submitted, it is the trial court's 'responsibility either to disregard extraneous material or to convert a motion to dismiss into a motion for summary judgment when additional materials are submitted.' *Keller v. Columbus*, 100 Ohio St.3d 192, 2003-Ohio-5599, * * *, ¶18; *Monroe v. Forum Health*, 11th Dist. No. 2012-T-0026, 2012-Ohio-6133, ¶36. Further, if a Civ.R. 12(B)(6) motion presents matters outside the pleadings, 'and such matters are not excluded by the court, the motion shall be treated as a motion for summary judgment.' Civ.R. 12(B)(6). Prior to converting a motion to dismiss for failure to state a claim into a motion for summary

17

judgment, a trial court must give actual notice to the parties and provide an opportunity to respond. *State ex rel. Baran v. Fuerst*, 55 Ohio St.3d 94, 97, * * * (1990).

**{¶46}** "Here, Plaintiff has submitted extensive outside evidentiary materials in support of his motion, and the Court finds it proper to convert Plaintiff's Civ.R. 12(B)(6) motion into a motion for summary judgment. The Court hereby provides notice that it is converting Plaintiff's Motion to Dismiss Amended Counterclaim for Failure to State a Claim into a Motion for Summary Judgment. Defendant may file a supplemental Opposition to Motion for Summary Judgment by no later than March 08, 2013. Plaintiff may file a supplemental Reply by no later than March 22, 2013."

**{¶47}** Further, in its November 3, 2014 judgment entry granting summary judgment to Mr. Hicks, the trial court reiterated it had converted his motion to dismiss into one for summary judgment specifically because of the "extensive outside evidentiary materials" submitted in conjunction with that motion, then allowed the parties to fully respond and submit any other relevant materials.

**{¶48}** It belies the facts set forth in the trial court's judgment entries, as well as the trial court's duty to review the record before it, to assume the trial court did not give full consideration to the relevant evidentiary materials presented to it, and apply summary judgment procedures properly.

**{¶49}** I respectfully dissent.

18