DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, International Fidelity Insurance Company, Inc. ("IFIC"), appeals the decision of the Summit County Court of Common Pleas, granting Appellee TCA's motion for summary judgment. We affirm.
 {¶ 2} This case involves a construction project ("project") at the business of the owner, Vetron. In August of 2002, Vetron contracted with O.L. Corporation ("O.L."), a construction company owned by Budd Leisenring, to remodel and expand its veterinary hospital. It also contracted with TC Architects ("TCA") to have TCA draft the designs and specifications for the project. No party disputes the lack of privity of contract between TCA and O.L. In May of 1999, O.L. had executed an Agreement of Indemnity in favor of IFIC as surety. In this agreement, O.L. agreed to hold IFIC harmless from any suits that might arise from IFIC's having executed bonds on behalf of O.L.O.L. also assigned all of its rights under the contracts for which IFIC provided bonds. For this project, IFIC issued both a Performance Bond and a Labor and Material Payment Bond in favor of Vetron on behalf of O.L.
 {¶ 3} In July of 2002,[1] O.L. began construction on the project, and allegedly encountered numerous problems with the designs provided by TCA. In its status as surety and assignee, IFIC, stands in the shoes of O.L. in this action. IFIC rests it claims on problems as "changed site conditions, failure of the initial plans and specifications to comply with the applicable building codes and standards" and "numerous incorrect or missing design details." As a result, IFIC alleges, TCA attempted to take control of the project on-site and to fix the problems that had arisen with the design specifications via verbal directives. IFIC contends that TCA's control caused O.L. unreasonable and detrimental delays and led to O.L.'s default in performance on the project. In November, 2003, O.L. submitted to Vetron its notice to terminate the contract, and Vetron then notified IFIC that O.L. had defaulted and that Vetron refused to pay O.L. for the work it had performed. O.L. filed a demand for arbitration against Vetron, and Vetron filed a counter-claim against O.L. and a third party claim against IFIC.
 {¶ 4} On June 30, 2005, IFIC filed an action against TCA on the theory that if it was liable to Vetron for O.L.'s alleged default, TCA was liable to IFIC for its negligence. Specifically, IFIC raised four claims against TCA: professional negligence, negligent misrepresentation, breach of implied warranty and breach of a voluntarily assumed duty. In the absence of privity of contract, IFIC invoked the "excessive control doctrine". TCA filed a motion for summary judgment on the grounds that there were no genuine issues of material fact, and that the excessive control doctrine has not been accepted in Ohio as a substitute for privity, and that therefore IFIC could not prove its claims. The trial court granted the motion. We affirm.
 {¶ 5} IFIC raises three assignments of error. For ease of discussion, we will address these assignments out of the order in which they were presented.
 FIRST ASSIGNMENT OF ERROR
"The trial court erred in granting summary judgment to TCA as to IFIC's negligence and negligent misrepresentation claims in that it erroneously held that TCA satisfied its initial Dresher burden, erroneously held that IFIC failed to satisfy its reciprocal Dresher burden, and erroneously held that there was no genuine dispute of material fact as to the "excessive control" substitute for contractual privity." IFIC claims that the trial court improperly granted summary judgment on the basis that TCA had met its burden under Dresher and IFIC had not met its reciprocal Dresher burden on the issue of excessive control.
 {¶ 6} Pursuant to Civ.R. 56(C), summary judgment is proper if:
"(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327.
Appellate review of a lower court's entry of summary judgment is de novo, applying the same standard used by the trial court.McKay v. Cutlip (1992), 80 Ohio App.3d 487, 491. The party seeking summary judgment initially bears the burden of informing the trial court of the basis for the motion and identifying portions of the record demonstrating an absence of genuine issues of material fact as to the essential elements of the nonmoving party's claims. Dresher v. Burt (1996), 75 Ohio St.3d 280, 293. The movant must point to some evidence in the record of the type listed in Civ.R. 56(C) in support of his motion. Id. Once this burden is satisfied, the nonmoving party has the burden, as set forth in Civ.R. 56(E), to offer specific facts showing a genuine issue for trial. Id. "The nonmoving party may not rest upon the mere allegations and denials in the pleadings" but instead must point to or submit some evidentiary material that shows a genuine dispute over the material facts exists. Henkle v. Henkle
(1991), 75 Ohio App.3d 732, 735.
 {¶ 7} Despite the fact that there was no contractual privity between TCA and IFIC, IFIC argues that the trial court should have found that there was a substitute for contractual privity (namely the excessive control doctrine) that would create a duty by TCA to protect O.L.'s economic interests, and that, because IFIC now stands in O.L.'s shoes, any duty owe by TCA to O.L. should extend to IFIC. The law in Ohio does not support this position. The Ohio Supreme Court expressly rejected the excessive control doctrine as a substitute for contractual privity. Notably, it did so in a case in which an architect who had a substantial amount of on-site input on the project was being sued by a contractor for alleged flaws in the designs the architect produced. Floor Craft Floor Covering, Inc., v. Parma CommunityGeneral Hospital Assoc. (1990), 54 Ohio St.3d 1. Moreover, Ohio law has long held that, in the absence of a contract or a substitute for contractual privity, there is no general duty to protect another party from purely economic harm, and a party suing in tort cannot recover for purely economic harm.
 {¶ 8} While IFIC has suggested that the Floor Craft
decision left open the possibility that there might in some cases be a sufficient nexus between parties to act as a substitute for privity, the Supreme Court firmly closed that door in its subsequent decision in Foster Wheeler Enviresponse, Inc. v.Franklin Cty. Convention Facilities Auth. (1997),78 Ohio St.3d 353, when it considered the issue of excessive control. In that decision, the Court said, "There is no need for the court to revisit, clarify, or define the parameters of Floor Craft at this time. It is sufficient to note that there is no such thingas a cause of action for excessive control." (Emphasis added.)Foster Wheeler, at 365. We need look no further than this statement by the Supreme Court to determine whether the excessive control argument raised by IFIC has any weight in the Ohio Courts. While IFIC looks to the Eight District's decision inClevecon, Inc. v. Northeast Ohio Regional Sewer Dist. (Sept. 13, 1993), 8th Dist. No. 63319, in which the appellate court adopted the excessive control doctrine to a limited extent, such a holding in no way binds this court. We look to the Ohio Supreme Court, which has soundly rejected any such argument, and we accordingly decline to adopt an excessive control doctrine as a substitute for privity of contract.
 {¶ 9} The trial court correctly determined that Ohio does not recognize the concept that excessive control is a substitute for privity. Because it found that excessive control was not a substitute for privity, the trial court reasonably found that IFIC had not satisfied its reciprocal Dresher burden in its response to TCA's motion for summary judgment. We therefore find that IFIC's first assignment of error is without merit, and affirm the trial court's decision to grant TCA's motion for summary judgment.
 THIRD ASSIGNMENT OF ERROR
"The trial court erred in granting summary judgment to TCA as to IFIC's negligence and negligent misrepresentation claims in that it improperly made determinations of material facts to the prejudice of IFIC and made its determinations of fact without evidentiary support in the record and based upon inadmissible evidence."
 {¶ 10} Our disposition of IFIC's first assignment of error makes its third assignment of error moot. The crux of the trial court's decision on summary judgment was that IFIC had raised an argument that was unsupportable under Ohio law. Regardless of the trial court's factual findings, IFIC only argued its case in the context of the excessive control doctrine, and the trial court found that no such doctrine existed in Ohio. We agreed in our discussion of the first assignment of error, and therefore IFIC's third assignment of error is moot.
 SECOND ASSIGNMENT OF ERROR
"The trial court erred in granting summary judgment to TCA as to IFIC's negligence and negligent misrepresentation claims in that it considered and relied upon unsupported arguments raised for the first time in TCA's reply, held that TCA's arguments in its reply satisfied TCA's initial Dresher burden, and held that IFIC failed to satisfy its reciprocal Dresher burden."
 {¶ 11} IFIC claims that the trial court considered arguments raised in TCA's reply to IFIC's response to the motion for summary judgment, but that TCA had not raised those arguments in its initial motion for summary judgment and they were therefore improperly considered by the trial court. We do not reach this assignment of error because IFIC did not raise it in the trial court, and it is therefore waived. See Collins v. EmroMarketing, Co. (May 11, 1999), 10th Dist. No. 98AP-1014, 2 (Court found that Appellant's failure to file motion to strike Appellee's reply brief in trial court on grounds that reply brief raised new arguments precluded appeal on the issue of "summary judgment by ambush").
 {¶ 12} IFIC's first and second assignments of error are overruled and, given this holding, its third assignment of error is moot. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Whitmore, J. Boyle, J. concur.
[1] We recognize the disparity in these dates: the contract was entered into in August 2002; O.L. started work in July 2002. However, both parties provided these dates in their motions and briefs, and the record does not provide any further explanation.