[Cite as *Charlesgate Commons Condominium Assn. v. W. Reserve Group*, 2014-Ohio-4342.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

Charlesgate Commons
Condominium Association

       Appellant

v.

Western Reserve Group, a/k/a
Lightning Rod Mutual Insurance Company,
a/k/a Sonneberg Mutual Insurance Company

       Appellee

Court of Appeals No. L-14-1039

Trial Court No. CI201206317

**DECISION AND JUDGMENT**

Decided: September 26, 2014

* * * * *

Marvin A. Robon, for appellant.

Ronald A. Rispo, Shawn M. Maestle, and Robert E. Goff, Jr., and
David L. Jarrett, for appellee.

* * * * *

**SINGER, J.**

{¶ 1} Appellant, Charlesgate Commons Condominium Association, appeals the judgment of the Lucas County Court of Common Pleas granting summary judgment to appellee, Western Reserve Group. Because the trial court did not err in granting appellee's motion for summary judgment, we affirm.

**{¶ 2}** Appellant sets forth the following assignments of error:

1.  The trial court erred in granting defendant's motion for summary judgment based upon arguments which were first asserted in defendant's reply in support of summary judgment.

2.  The trial court erred in basing its decision upon evidence not properly before the court and which does not conform with Rule 56(C).

3.  The trial court erred in accepting defendant's misstatement of the legal standard for expert testimony.

**{¶ 3}** Appellant owns and manages the common area of a condominium complex ("the property") which contains seventeen commercial units in one building and is located in Oregon, Ohio. Appellee issued a Businessowners Insurance Policy to appellant insuring the property.

**{¶ 4}** In August 2011, there was a storm, including hail, in Oregon, Ohio. Appellant claims hail from the storm caused damage to the building's roof, and filed a notice of claim with appellee for this damage. Appellee determined there was no coverage under the insurance policy for appellant's claim.

**{¶ 5}** On November 14, 2012, appellant filed its complaint alleging breach of contract and bad faith. Appellee answered the complaint, denying it breached the parties' contract or acted in bad faith.

**{¶ 6}** Appellee filed a motion for summary judgment setting forth two main arguments: appellant's coverage claim must fail as there was no direct physical loss or

2.

damage to the shingles on the roof; and appellee had reasonable justification for denying appellant's request to replace the entire roof.  Appellant opposed the motion, then appellee filed a reply.  On February 4, 2014, the trial court issued an opinion granting appellee's motion for summary judgment.  The trial court found appellee established its burden under *Dresher v. Burt*, 75 Ohio St.3d 280, 662 N.E.2d 264 (1996), by presenting evidence that any damage existing in the roof was not caused by hail damage, whereas appellant failed in its reciprocal burden under *Dresher* to demonstrate there was direct damage to the roof shingles that was caused by a covered loss.

{¶ 7} We review the trial court's decision on summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996).  In so doing, we use the same standard as the trial court.  *Lorain Natl. Bank v. Saratoga Apts.*, 61 Ohio App.3d 127, 129, 572 N.E.2d 198 (9th Dist.1989).  The party moving for summary judgment bears the initial burden of apprising the trial court of the basis of its motion and identifying those portions of the record which demonstrate the absence of a genuine issue of fact on an essential element of the non-moving party's claim.  *Dresher* at 293.  Once the moving party meets its burden, the burden shifts to the non-moving party to set forth specific facts demonstrating a genuine issue of material fact exists.  *Id.*  To satisfy this burden, the non-moving party must submit evidentiary materials showing a genuine dispute over material facts.  *PNC Bank, N.A. v. Bhandari*, 6th Dist. Lucas No. L-12-1335, 2013-Ohio-2477, ¶ 9.  The motion for summary judgment may only be granted when the following are established:  (1) that there is no genuine issue as to any

3.

material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in its favor. *Harless v. Willis Day Warehousing Co.,* 54 Ohio St.2d 64, 67, 375 N.E.2d 46 (1978); Civ.R. 56(C).

{¶ 8} Appellant's second assignment of error will be considered first. Appellant asserts the trial court erred in basing its decision upon evidence not properly before the court. Appellant contends the trial court relied on the unauthenticated report of appellee's expert, which was attached as an exhibit to the motion for summary judgment, in determining that appellee established its initial burden under *Dresher.* Appellant argues this document did not comport with Civ.R. 56(C) as it was not authenticated by an affidavit, was not provided as an answer to an interrogatory, nor was it an admission.

{¶ 9} Civ.R. 56(C) provides in relevant part:

Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that

4.

reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor.

{¶ 10} A trial court has the discretion to consider unauthenticated documents when considering a motion for summary judgment where the opposing party does not object to the admissibility of evidence under Civ.R. 56. *Walls v. City of Toledo*, 6th Dist. Lucas No. L-07-1324, 2008-Ohio-4274, ¶ 28. If a party does not object in the trial court to unauthenticated documents submitted in support of, or in opposition to, a motion for summary judgment, the party waives the objection on appeal. *Carter v. Vivyan*, 10th Dist. Franklin No. 11AP-1037, 2012-Ohio-3652, ¶ 17.

{¶ 11} Here, appellant did not raise an objection with the trial court that the report offered by appellee was not properly before the court. As a result of its failure to object, appellant has waived this objection on appeal. We therefore find appellant's second assignment of error not well-taken.

{¶ 12} Appellant's first and third assignments of error are related and will be addressed together. Appellant asserts the trial court erred in granting the motion for summary judgment by considering arguments which were first raised by appellee in its reply brief and not in its motion for summary judgment, and in accepting appellee's misstatement of the legal standard for expert testimony. Appellant claims the trial court decided "[p]laintiff's expert opinion fails to qualify as an expert opinion," although

5.

appellee did not advance this argument or refer to scientific probability, the standard for expert witness qualification, in its initial motion. Appellant also asserts appellee and the trial court determined the standard for expert testimony is that an expert's opinion may not be considered for purposes of raising an issue of material fact unless the expert uses "magic words" such as, "I find it is more probable than not that * * *" or "As a matter of scientific certainty I find * * *." Appellant contends the notion that experts must state opinions in specific terms has been rejected by the courts.

{¶ 13} With respect to the moving party raising a new argument in a reply brief, this has been characterized as "summary judgment by ambush." *Intl. Fid. Ins. Co. v. TC Architects, Inc.*, 9th Dist. Summit No. 23112, 2006-Ohio-4869, ¶ 11. Hence, when a new argument is presented in a reply brief, the non-moving party should move to strike the reply or be allowed to file a surreply. *Baker v. Coast to Coast Manpower, L.L.C.*, 3d Dist. Hancock No. 5-11-36, 2012-Ohio-2840, ¶ 35. A party who fails to move the trial court to strike a reply brief on the ground that a new argument was raised waives the argument on appeal. *Intl. Fid. Ins. Co.* at ¶ 11; *Lawson v. Mahoning Cty. Mental Health Bd.*, 7th Dist. Mahoning No. 10 MA 23, 2010-Ohio-6389, ¶ 52.

{¶ 14} The standard for the admissibility of expert witness testimony is that the expert's opinion must be held to a reasonable degree of scientific certainty. *State v. Jackson*, 92 Ohio St.3d 436, 448, 751 N.E.2d 946 (2001). Reasonable certainty is synonymous with probability. *Id.* In addition, this court, in *White v. Ctr. Mfg. Co.*, 126 Ohio App.3d 715, 724, 711 N.E.2d 281 (6th Dist.1998), stated

6.

An expert testifying on the issue of proximate cause must state an opinion with respect to the causative event in terms of probability. *Stinson v. England* (1994), 69 Ohio St.3d 451, 633 N.E.2d 532, paragraph one of the syllabus. Nonetheless, no "magic words" are required. Rather, the expert's testimony, when considered in its entirety, must be equivalent to an expression of probability. See *Frye v. Weber & Sons Serv. Repair, Inc.* (Jan. 22, 1998), Cuyahoga App. Nos. 72164 and 72555, unreported.

{¶ 15} Here, appellant's first and third assignments of error are not well-taken for several reasons. First, appellant did not file a motion to strike the reply brief in the trial court, and therefore waived this argument on appeal. Next, even if appellant had not waived this argument, the argument fails because appellee did raise an issue with appellant's expert's testimony in the motion for summary judgment. Although appellee did not mention the terms "scientific probability" in its initial motion, appellee's reference in its motion that appellant's expert's "opinions clearly lack the requisite degree of certainly (sic) necessary for Plaintiff to prevail" unquestionably raises the issue of the standard for expert witness testimony. The trial court, in addressing this issue, did not require either appellant or appellee's expert to express an opinion using specific language or "magic words." Rather, in its consideration of the admissibility of the experts' testimony, the trial court applied the standard set forth in *Stinson*, that an expert must testify in terms of probability and not possibility.

7.

{¶ 16} The trial court found appellee's expert's statement that "no hail damage was found to the shingles on this roof" established appellee's burden under *Dresher*, while appellant's expert "never state[d] with any certainty or probability that the damage to the shingles on the roof in this case was caused by hail," so the expert's "conclusory generalized opinion" was insufficient to satisfy appellant's reciprocal burden under *Dresher* "when the opinion fail[ed] to qualify as an expert opinion." We conclude the trial court applied the correct legal standard in its review of the expert testimony presented in support of and in opposition to the motion for summary judgment. Viewing the evidence in a light most favorable to the non-moving party, we find that no genuine issues of material fact exist and appellee was entitled to judgment as a matter of law.

{¶ 17} Having found that the trial court did not commit error prejudicial to appellant, the judgment of the Lucas County Court of Common Pleas is affirmed. Pursuant to App.R. 24, appellant is hereby ordered to pay the court costs incurred on appeal.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

8.

Mark L. Pietrykowski, J.                   _____

                                                         JUDGE

Arlene Singer, J.                            

                                                _____

Stephen A. Yarbrough, P.J.                                         JUDGE
CONCUR.

                                                _____
                                                       JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.sconet.state.oh.us/rod/newpdf/?source=6.