[Cite as *Carrico v. Bower Home Inspection, L.L.C.*, 2017-Ohio-4057.]

COURT OF APPEALS
KNOX COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| TIM CARRICO, ET AL | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. Craig R. Baldwin, J. |
| Plaintiffs-Appellants | : | Hon. Earle E. Wise, J., |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 16CA21 |
| BOWER HOME INSPECTION, LLC, | : |  |
| ET AL | : |  |
|  | : | O P I N I O N |
| Defendants-Appellees |  |  |

CHARACTER OF PROCEEDING:      Civil appeal from the Mount Vernon
Municipal Court, Case No. 16CVH00063

JUDGMENT:      Reversed and Remanded

DATE OF JUDGMENT ENTRY:      May 30, 2017

APPEARANCES:

For Plaintiffs-Appellants

PHILLIP LEHMKUHL
101 North Mulberry Street
Mount Vernon, OH 43050

For Defendants-Appellees

NOEL ALDEN
121 East High Street
Mount Vernon, OH 43050

*Gwin, P.J.*

{¶1}   Appellants appeal the September 26, 2016 judgment entry of the Mount Vernon Municipal Court granting summary judgment.

*Facts & Procedural History*

{¶2}   In September of 2015, appellants Tim and Whitney Carrico purchased the house, garage, and land located at 1 Grandview Drive in Mount Vernon, Ohio.  Prior to the purchase of the property, appellants hired appellees Chris Bower and Bower Home Inspection, LLC to perform a home inspection, specifically to inspect whether there was any visible evidence of wood-destroying insects.  The obligation of appellants to purchase the property was contingent upon receipt of the report by appellees.

{¶3}   Appellees issued a written report stating that, at the time of the inspection, there was no visible evidence of wood-destroying insects.  Subsequent to the purchase of the property, appellants found evidence of damage in the crawl-space caused by wood-destroying insects.

{¶4}   Appellants filed a complaint against appellees on January 27, 2016 for: breach of fiduciary duty, negligence, breach of contract, and violations of the Ohio Consumer Sales Practices Act.  Appellees filed an answer on February 26, 2016.

{¶5}   On August 1, 2016, appellees filed a motion for summary judgment. Appellees alleged in their motion for summary judgment that appellants entered into a valid and enforceable contract titled "Wood Destroying Insect Inspection Report" which governs the obligations of the parties.  Further, that, pursuant to the contract, appellees had no duty to remove any portion of the home and inspect underneath it and thus appellants cannot now argue appellees are liable because they did not remove the

insulation and siding to discover termites in areas inaccessible at the time of the inspection.

{¶6} Attached to appellees' motion for summary judgment was Exhibit A, the "Wood Destroying Inspection Report." Exhibit A was not signed by appellants. The report stated, "this report is indicative of the condition of the above identified structure(s) on the date of inspection and is not to be construed as a guarantee or warranty against latent, concealed, or future infestations or defects." Further, that "based on a careful visual inspection of the readily accessible areas of the structure(s) inspected * * *(A) No visible evidence of wood-destroying insects was observed." The report concluded no treatment was recommended as there was no visible evidence of wood-destroying insects at the time of inspection and stated that a part of the crawlspace was obstructed or inaccessible due to the insulation and duct work/plumbing/wiring.

{¶7} The second page of Exhibit A contains the "scope and limitations of the inspection" and states there is no warranty related to the report and the report is not a guarantee or warranty as to the absence of wood-destroying insects or a structural integrity report. Further, that "no inspection was made in areas which required the breaking apart or into, dismantling, removal of any object, included but not limited to moldings, floor coverings, wall coverings, sidings, fixed ceilings, insulation, furniture, appliances, and/or personal possessions, nor were the areas inspected which were obstructed or inaccessible for physical access on the date of inspection."

{¶8} On August 19, 2016, the trial court granted appellees' motion for summary judgment because appellants failed to file a response. Appellants filed a Civil Rule 60(B) motion on August 24, 2016. On August 31, 2016, the trial court granted appellants' Civil

Rule 60(B) motion and granted appellants leave to file a memorandum in opposition to the motion for summary judgment.

{¶9} In their memorandum in opposition, appellants argued appellees' Exhibit A was not properly before the court because it was not signed and was not accompanied by an affidavit. Appellants further argued appellees provided no proof that the damages were latent or concealed, or that the damages occurred subsequent to September 3, 2015.

{¶10} Appellants attached to their memorandum in opposition to motion for summary judgment the affidavit of Tim Carrico ("Carrico"). Carrico stated he hired appellees to perform an inspection for evidence of infestation damages from wood-destroying insects and, in reliance upon the report issued by appellees, he purchased the property. Carrico averred that, subsequent to the purchase of the property, but within a few months, he "personally saw evidence of damage from wood-destroying insects in clearly visible areas of the crawlspace of the house." Carrico stated the areas where he initially saw evidence of damage from wood-destroying insects were not concealed, hidden, or obstructed from view and were not latent or concealed. Further, that he did not need to remove any moldings, floor coverings, wall coverings, fixed ceilings, insulation, furniture, appliances, or personal possessions to initially find many areas damaged by wood-destroying insects. Carrico averred that after finding many areas of clearly visible and accessible damage from wood-destroying insects, further investigation revealed damages in concealed areas also. Carrico stated his complaint is "premised upon the failure to report blatant, obvious, massive, and readily observable damages to the house and garage from wood-destroying insects over a period of years, not months."

{¶11}  On September 12, 2016, appellees filed a motion for leave to plead to file a reply brief to appellants' memorandum in opposition.  The trial court granted appellees' motion on September 13, 2016 and set a non-oral hearing on September 23, 2016.

{¶12}  Appellees filed a reply in support of the motion for summary judgment on September 16, 2016.  Appellees again attached Exhibit A, which was the same "Wood Destroying Inspection Report" as they submitted with their motion for summary judgment, but this copy was signed by appellants.  Appellees also attached the affidavit of Chris Bower ("Bower"), stating, "attached as Exhibit A is the signed contract entered into between the parties I just procured from the closing company on Monday, September 12, 2016."  Bowers further averred there was no visible infestation or defects with the property at the time of his review and there was no infestation or defects in areas that did not require the breaking apart or into, dismantling, or removal of any object.

{¶13}  The trial court issued a judgment entry granting appellees' motion for summary judgment on September 26, 2016.  The trial court found no genuine issue of material fact existed because: (1) the contract between the parties did not require appellees to remove insulation and siding to discover termites in areas that were inaccessible at the time of the inspection; (2) the contract was not a guarantee or warranty against concealed or future infestations or defects; and (3) the defendants cannot be negligent for failing to perform a duty they did not have according to the terms of the contract.

{¶14}  Appellants appeal the September 26, 2016 judgment entry of the Mount Vernon Municipal Court and assign the following as error:

{¶15} "I. THE TRIAL COURT ERRED BY GRANTING THE MOTION FOR SUMMARY JUDGMENT OF DEFENDANTS."

{¶16} In their brief, appellants make two arguments. First, appellants contend the trial court erred when, in granting appellees' motion for summary judgment, it accepted and considered the signed Exhibit A and Bower's affidavit, which were presented for the first time in appellees' reply brief to the motion for summary judgment.

{¶17} "Typically reply briefs are restricted to matters in rebuttal, not new arguments. The problem with allowing a new argument to be asserted in a reply in support of the original motion is that it does not give the party opposing the motion the opportunity to respond." *Buren v. Karrington Health, Inc.*, 10th Dist. Franklin No. 00AP-1414, 2002-Ohio-206; *Lawson v. Mahoning County Mental Health Board*, 7th Dist. Mahoning No. 10 MA 23, 2010-Ohio-6389. Allowing a new argument to be asserted in a reply brief has been characterized as "summary judgment by ambush." *Intl. Fid. Ins. Co. v. TC Architects, Inc.*, 9th Dist. Summit No. 23112, 2006-Ohio-4869. "When a new argument is raised in a reply or supplemental motion for summary judgment, the proper procedure is to strike the reply or supplemental motion or, alternatively, to allow the opposing party to file a surreply." *Baker v. Coast to Coast Manpower, LLC*, 3rd Dist. Hancock No. 5-11-36, 2012-Ohio-2840.

{¶18} In this case, appellants did not attempt to strike the affidavit or exhibit, nor did they seek leave to file a surreply. This Court has previously held that when an appellant does not attempt to strike or seek leave to file a surreply, appellant waives any error. *Edwards v. Perry Twp. Board of Trustees*, 5th Dist. Stark No. 2015CA00107, 2016-Ohio-5125; *Bank of New York Mellon v. Crates*, 5th Dist. Licking No. 15-CA-70, 2016-

Ohio-2700.  Accordingly, we find appellants waived any error by failing to move to strike Bower's affidavit/Exhibit A or seeking leave to file a surreply.

{¶19}  Appellants next contend the trial court erred in granting summary judgment even if Bower's affidavit and the signed Exhibit A are considered.  We agree.

{¶20}  Civ.R. 56 states, in pertinent part:

Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed mostly strongly in the party's favor. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.

{¶21}  A trial court should not enter a summary judgment if it appears a material fact is genuinely disputed, nor if, construing the allegations most favorably towards the non-moving party, reasonable minds could draw different conclusions from the undisputed facts.  *Hounshell v. Am. States Ins. Co.*, 67 Ohio St.2d 427, 424 N.E.2d 311

(1981). The court may not resolve any ambiguities in the evidence presented. *Inland Refuse Transfer Co. v. Browning-Ferris Inds. of Ohio, Inc.*, 15 Ohio St.3d 321, 474 N.E.2d 271 (1984). A fact is material if it affects the outcome of the case under the applicable substantive law. *Russell v. Interim Personnel, Inc.*, 135 Ohio App.3d 301, 733 N.E.2d 1186 (6th Dist. 1999).

**{¶22}** When reviewing a trial court's decision to grant summary judgment, an appellate court applies the same standard used by the trial court. *Smiddy v. The Wedding Party, Inc.*, 30 Ohio St.3d 35, 506 N.E.2d 212 (1987). This means we review the matter de novo. *Doe v. Shaffer*, 90 Ohio St.3d 388, 2000-Ohio-186, 738 N.E.2d 1243.

**{¶23}** The party moving for summary judgment bears the initial burden of informing the trial court of the basis of the motion and identifying the portions of the record which demonstrates absence of a genuine issue of fact on a material element of the non-moving party's claim. *Drescher v. Burt*, 75 Ohio St.3d 280, 662 N.E.2d 264 (1996). Once the moving party meets its initial burden, the burden shifts to the non-moving party to set forth specific facts demonstrating a genuine issue of material fact does exist. *Id.* The non-moving party may not rest upon the allegations and denials in the pleadings, but instead must submit some evidentiary materials showing a genuine dispute over material facts. *Henkle v. Henkle*, 75 Ohio App.3d 732, 600 N.E.2d 791 (12th Dist. 1991).

**{¶24}** In this case, the affidavits submitted are contradictory. Bower's affidavit states there was no infestation at the time of the inspection. Carrico's affidavit avers that, within a few months, he personally saw evidence of damage from wood-destroying insects in clearly visible areas that was not concealed, hidden, or obstructed from view. Further, that his complaint is premised upon the failure to report blatant, obvious,

massive, and readily observable damages to the house and garage from wood-destroying insects over a period of years, not months. Thus, we find there are genuine issues of material fact as to when the damage occurred (either before or after the inspection report) and whether the damages were latent or concealed.

{¶25} Accordingly, we find the trial court erred in granting summary judgment to appellees. The September 26, 2016 judgment entry of the Mount Vernon Municipal Court is reversed and the cause is remanded for further proceedings in accordance with this opinion.

By Gwin, P.J.,

Baldwin, J., and

Wise, Earle, J., concur