[Cite as *Holmes v. Sullinger*, 2019-Ohio-2653.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

Marty Holmes, Sr.                          Court of Appeals No. L-18-1106

    Appellee                               Trial Court No. CI0201604977

v.

Doug Sullinger                             **<u>DECISION AND JUDGMENT</u>**

    Appellant                              Decided:  June 28, 2019

* * * * *

Marty Holmes, Sr., pro se.

Kent D. Riesen, for appellant.

* * * * *

**SINGER, J.**

{¶ 1}  Appellant, Doug Sullinger, appeals from the February 16 and 22, and April 9, 2018, judgments of the Lucas County Common Pleas Court.  For the reasons which follow, we reverse.

## Assignments of Error

{¶ 2}  Appellant sets forth three assignments of error:

1.  The trial court committed error in granting summary judgment on February 16, 2018.

2.  The trial court abused its discretion and committed reversible error in denying appellant's motion to strike/motion to reopen discovery and file surreply on February 22, 2018.

3.  The trial court abused its discretion and committed reversible error in denying defendants right for a jury to decide damages and awarding of [sic] prejudgment interest on March 29, 2018 and its decision on April 9, 2018.

## Background

{¶ 3}  Appellee, Martin Holmes, Sr., is an attorney who has practiced law for many years.  On January 23, 2015, Holmes was hired by Sullinger to represent Sullinger in a divorce action.

{¶ 4}  On March 5, 2015, Sullinger and Holmes executed an Engagement Letter ("the contract"), formalizing their attorney-client relationship.  The contact set forth Holmes would represent Sullinger in a dissolution/divorce action.  Sullinger paid Holmes a retainer of $5,000.  Holmes provided legal services on Sullinger's behalf until Holmes was discharged in early August 2015.

**{¶ 5}** On November 4, 2016, Holmes filed his complaint against Sullinger seeking attorney fees which were due and owing in the amount of $29,162.25.

**{¶ 6}** On February 1, 2017, Sullinger filed an answer and counterclaims for breach of contract, negligence/legal malpractice, and promissory estoppel.

**{¶ 7}** On June 12, 2017, Holmes filed a motion for summary judgment on his complaint and Sullinger's counterclaims. Attached to the motion were Holmes' affidavit, as well as numerous documents including a copy of the contract and copies of monthly invoices.

**{¶ 8}** On August 14, 2017, Sullinger filed a response to the motion for summary judgment, attached to which were his affidavit, the affidavit of attorney James Fruth, and other documents.

**{¶ 9}** On August 18, 2017, Holmes filed a motion for extension of time to file his reply to Sullinger's response, in which Holmes stated he "will take the deposition of both Affiants." Holmes' motion was granted on August 22, 2017.

**{¶ 10}** On September 28, 2017, Holmes filed his reply to Sullinger's response to the motion for summary judgment, attached to which were Holmes' supplemental affidavit, the affidavit of Fanny Effler, and other documents.

**{¶ 11}** On October 11, 2017, Sullinger filed a motion to strike and/or for the court not to consider Holmes' new arguments or the new evidence cited, filed or attached to Holmes' reply. In the alternative, Sullinger requested that discovery be reopened so he could have the opportunity to respond to Holmes' reply brief. Holmes filed an opposition

3.

to Sullinger's motion to strike. Thereafter, Sullinger filed a reply in support of his motion to strike, and Holmes filed a surreply. On December 8, 2017, Sullinger filed a motion to strike Holmes' surreply.

{¶ 12} On February 16, 2018, the trial court granted Holmes' motion for summary judgment on the issue of liability, and scheduled a damages hearing for March 29, 2018.

{¶ 13} On February 22, 2018, the court granted Sullinger's motion to strike Holmes' surreply and denied Sullinger's motion to strike and/or for the court not to consider the new evidence attached to Holmes' reply.

{¶ 14} The damages hearing was held on March 29, 2018. On April 9, 2018, the court issued findings of fact, conclusions of law and judgment entry awarding judgment to Holmes in the amount of $31,776.46, plus interest at the statutory rate from the date of judgment. Sullinger timely appealed.

{¶ 15} Sullinger's second assignment of error will be considered first.

{¶ 16} Sullinger argues the trial court abused its discretion in denying his motion to strike/motion to reopen discovery and file surreply. Sullinger asserts Holmes filed a motion for extension of time, indicating Holmes would take two depositions even though discovery was closed. Sullinger contends he was never given the opportunity to respond to Holmes' motion for extension of time because the motion was granted four days after it was filed. In addition, Sullinger asserts Holmes did not request to reopen discovery, nor did he file a motion under Civ.R. 56(F).

4.

{¶ 17} Sullinger further contends when Holmes filed his reply brief, Holmes attached new evidence and made new arguments, which is not permitted if Sullinger is never allowed to address them. Sullinger asserts the proper procedure when a new argument is raised in a reply brief is to strike the brief or allow the opposing party to file a surreply.

{¶ 18} Holmes counters that after he filed his reply to Sullinger's response to summary judgment, Sullinger could have filed a Civ.R. 56(F) motion to conduct additional discovery or leave to file a surreply, but Sullinger did neither. Holmes asserts the trial court did not abuse its discretion in denying Sullinger's motion to strike.

**Law**

{¶ 19} Summary judgment is appropriate when (1) no genuine issue as to any material fact exists, (2) the party moving for summary judgment is entitled to judgment as a matter of law, and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can reach only one conclusion, and that is adverse to the nonmoving party. Civ.R. 56; *Harless v. Willis Day Warehousing Co.*, 54 Ohio St.2d 64, 66, 375 N.E.2d 46 (1978). "The moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record before the trial court which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim." *Dresher v. Burt*, 75 Ohio St.3d 280, 292, 662 N.E.2d 264 (1996). Once the moving party meets that burden, the nonmoving party has a reciprocal burden and "may not rest upon the mere allegations or denials of

5.

the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Civ.R. 56(E).

{¶ 20} A reply brief is "usually limited to matters in rebuttal, and a party may not raise new issues for the first time." *Smith v. Ray Esser & Sons, Inc.*, 9th Dist. Lorain No. 10CA009798, 2011-Ohio-1529, ¶ 15. Allowing a new argument to be asserted in a reply brief has been characterized as "summary judgment by ambush." *Intl. Fid. Ins. Co. v. TC Architects, Inc.*, 9th Dist. Summit No. 23112, 2006-Ohio-4869, ¶ 11. "[W]hen a new argument is raised in a reply [brief] * * *, the proper procedure is to strike the reply * * * or, alternatively, to allow the opposing party to file a surreply. *Smith* at ¶ 15. *See also Charlesgate Commons Condominium Assn. v. W. Res. Group*, 6th Dist. Lucas No. L-14-1039, 2014-Ohio-4342.

{¶ 21} A trial court's decision to grant or deny a motion to strike will not be overturned unless the court abuses its discretion. *Early v. Toledo Blade*, 130 Ohio App.3d 302, 720 N.E.2d 107 (6th Dist.1998). An abuse of discretion constitutes more than an error of law or judgment, it implies the trial court acted unreasonably, arbitrarily, or unconscionably. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

**Analysis**

{¶ 22} A review of the record shows Holmes, in his reply brief, offered arguments and evidence rebutting the arguments and evidence submitted by Sullinger in his

6.

response to Holmes' motion for summary judgment. Holmes also introduced new arguments and evidence in his reply, which he had not raised in his motion for summary judgment.

{¶ 23} For instance, in Holmes' motion for summary judgment he asserted, generally, that Sullinger's counterclaims were barred by the statute of limitations. Regarding Sullinger's specific allegations of malpractice, Holmes argued "[a]ll of these items would have necessarily occurred prior to [Sullinger] terminating [Holmes'] legal service [on August 7, 2015]." Holmes cited two paragraphs of Sullinger's counterclaims, which included the allegations that Holmes "'failed to provide competent legal advice about * * * selection of guardian ad litem [GAL], and legal advice regarding not seeing his children causing additional alienation of affection.'" Holmes argued "[he], on behalf of [Sullinger], filed for the appointment of [GAL] on April 27, 2015 - well before 'late February and/or March of 2016' [which is when Sullinger alleged he was placed on notice of the need to pursue possible legal remedies]." No evidence was cited or presented in support this argument. Moreover, Holmes offered no argument or evidence with respect to the allegation that he advised Sullinger not to see the children.

{¶ 24} In Holmes' reply brief, he presented new arguments with respect to the following: the GAL and some of Holmes' interactions with her; the allegation that Holmes advised Sullinger not to see the children; Holmes' efforts seeking parenting time between Sullinger and the children; and information Holmes gave to Sullinger

7.

concerning parenting issues. In support of the new arguments, Holmes provided a supplemental affidavit, as well as the affidavit of the GAL and several other documents.

{¶ 25} In another instance, in Holmes' original affidavit, he averred, inter alia, that he sent monthly statements to Sullinger, and the actions Holmes undertook on Sullinger's behalf were at or above the standard of care for such representation in the legal community. In Holmes' supplemental affidavit offered with his reply brief, Holmes added the averment "[t]he billing was sent on a monthly basis and the bill that is outstanding is reasonable and the services were necessary."

{¶ 26} Sullinger moved the trial court to strike or not consider the new evidence, or in the alternative, to reopen discovery "before filing any surreply." In its February 22, 2018 opinion and judgment entry, the court set forth "[n]otably, [Sullinger] never sought leave to file a surreply, but instead filed the present Motion to Strike." The court denied the motion to strike and found the motion "provides no basis for the Court to reasonably find that 'additional discovery will actually aid in either the demonstration or negation of a fact relevant to an issue raised' in [Holmes'] reply." (Citation omitted.)

{¶ 27} Although Sullinger did not file a formal motion for leave to file a surreply, he clearly set forth, in his motion to strike, his desire to file a surreply in order to respond to Holmes' new arguments and evidence in the event the motion to strike was denied. After overruling Sullinger's motion to strike and denying his request to conduct additional discovery, the court should have given Sullinger the chance to file a surreply before ruling on the motion for summary judgment. We therefore find the trial court

8.

erred and abused its discretion in granting summary judgment to Holmes without allowing Sullinger the opportunity to file a surreply so that he could address the new arguments and evidence in Holmes' reply brief. Accordingly, Sullinger's second assignment of error is well-taken.

{¶ 28} In light of our treatment of the second assignment of error, it is unnecessary to consider Sullinger's first and third assignments of error, as they are moot. *See* App.R. 12(A)(1)(c).

{¶ 29} On consideration whereof, the judgments of the Lucas County Common Pleas Court are reversed. Appellee is ordered to pay the court costs of this appeal pursuant to App.R. 24.

Judgments reversed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.          _____
                                                JUDGE

Arlene Singer, J.          

Thomas J. Osowik, J.          _____
CONCUR.                                         JUDGE


                                _____
                                                JUDGE


This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.