[Cite as *Lawson v. Mahoning Cty. Mental Health Bd.*, 2010-Ohio-6389.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| ELAINE LAWSON, ADMINISTRATRIX OF THE ESTATE OF STEPHEN LAWSON, | ) ) ) ) | |
| PLAINTIFF-APPELLANT, | ) ) | CASE NO.    10 MA 23 |
| - VS - | ) ) | O P I N I O N |
| MAHONING COUNTY MENTAL HEALTH BOARD, et al., | ) ) ) ) | |
| DEFENDANTS-APPELLEES. | ) | |

CHARACTER OF PROCEEDINGS:     Civil Appeal from Common Pleas Court,
                              Case No. 08CV973.

JUDGMENT:                     Affirmed.

APPEARANCES:
For Plaintiffs-Appellants:            Attorney Ronald Yarwood
                                      Attorney James Gentile
                                      42 North Phelps Street
                                      Youngstown, Ohio  44503

For DefendantsAppellees:              Attorney Paul Gains
                                      Prosecuting Attorney
                                      Attorney Gina DeGenova Bricker
                                      Assistant Prosecuting Attorney
                                      21 West Boardman Street, 5th Floor
                                      Youngstown, Ohio  44503

JUDGES:
Hon. Joseph J. Vukovich
Hon. Cheryl L. Waite
Hon. Mary DeGenaro

                                      Dated:  December 22, 2010

VUKOVICH, P.J.

¶{1} Plaintiff-appellant Elaine Lawson, Administratrix of the Estate of Stephen Lawson (the estate) appeals the decision of the Mahoning County Common Pleas Court granting defendant-appellee Mahoning County Mental Health Board's (MCMHB) Motion to Dismiss for failure to state a claim pursuant to Civ.R. 12(B)(6). Three issues are raised in this appeal.

¶{2} The first issue concerns the statutory claims under R.C. Chapter 5123 that were raised against MCMHB. The trial court found that R.C. Chapter 5123 did not apply to MCMHB, and accordingly, dismissed the complaint. The estate contends that that holding is incorrect. MCMHB counters asserting that the trial court's decision was correct because R.C. Chapter 5123 applies to the Department of Mental Retardation and Developmental Disability, not to Mental Health Boards. Thus, according to MCMHB, it could not be sued for violating R.C. 5123.62 and R.C. 5123.64.

¶{3} We do not need to reach a determination on whether R.C. Chapter 5123 applies to MCMHB because regardless of our determination the result is the same. If it does apply, nothing in that Chapter strips MCMHB's general grant of immunity, and thus, dismissal was warranted. Likewise, if it does not apply, then MCMHB cannot be sued for violations of that chapter and dismissal was appropriate.

¶{4} The second issue concerns the common law claims asserted against MCMHB. In the reply brief to the motion in opposition to the MCMHB's motion to dismiss, MCMHB raised for the first time that the common law claims were barred by the doctrine of sovereign immunity in R.C. 2744.02. While the magistrate found that such arguments were outside the scope of review because they were raised for the first time in the reply, the trial court determined that the immunity argument could be considered. The trial court then considered the argument and found MCMHB immune from liability.

¶{5} The estate contends that the trial court's consideration of the immunity argument was incorrect. It maintains that the common law claims were asserted in the complaint, MCMHB was on notice of those claims and could have argued for their

dismissal in the motion to dismiss. It then asserts that arguments raised for the first time in a reply brief cannot be considered.

¶{6} MCMHB counters the above by arguing that the complaint did not appear to raise strict common law negligence claims against it. It asserts that the estate raised the issue of strict common law negligence for the first time in the Motion in Opposition to the Motion to Dismiss. Thus, it contends that it was permitted to rebut that claim. While the complaint clearly did raise common law claims against MCMHB, we find that the trial court did not commit error when it considered the immunity argument.

¶{7} The estate's final argument is that the trial court erred in issuing a ruling on whether the doctrine of sovereign immunity applied to the common law claims asserted against MCMHB. The estate contends that the trial court could not issue an opinion on sovereign immunity because the magistrate never issued a decision on that defense. It is the estate's position that once the trial court determined that the issue of immunity should have been addressed, that issue should have been sent to the magistrate to determine whether immunity applied. According to the estate, only after the magistrate rendered a decision on the applicability of immunity could the trial court address the immunity issue.

¶{8} MCMHB counters by arguing it was within the trial court's scope to address the applicability of sovereign immunity to the common law claims. It then provides an analysis of why the trial court's determination that MCMHB is immune under R.C. Chapter 2744 is correct.

¶{9} We disagree with the estate. The trial court was permitted to issue a ruling on the applicability of the doctrine of sovereign immunity even though the magistrate never decided the issue. The trial court is not required to return the matter to the magistrate to decide an issue that the magistrate has not rendered a decision on. Furthermore, although the estate does not address whether the trial court's immunity finding was correct, as stated above, a review of the immunity statutes indicates that MCMHB is immune from liability.

¶{10} Consequently, there is no merit with any of the estate's arguments. The trial court's decision to grant of the motion to dismiss is hereby affirmed.

## STATEMENT OF CASE

¶{11} On March 11, 2007, Stephen Lawson, the deceased, was residing in a group home at 135 Illinois Avenue in Youngstown, Ohio. Also residing at that group home was James DiCioccio. On that date, DiCioccio choked Stephen and Stephen died as a result.

¶{12} Thereafter, Elaine Lawson filed a wrongful death action on behalf of Stephen's estate against MCMHB, as well as others not involved in this appeal. The estate asserted in the complaint that the deceased was "disabled, mentally retarded and an incapacitated adult." It alleged that MCMHB owed a common law and statutory duty to the deceased to provide for his health, safety and welfare and to protect him from harm pursuant to R.C 5123.61. Furthermore, the estate asserted that MCMHB is responsible for the building at 135 Illinois Avenue and for preventing any potentially dangerous persons to remain on the property. According to the estate, MCMHB knew or should have known of the documented attacks and DiCioccio's criminal history. Lastly, the estate alleged that all defendants, including MCMHB, provided services to the residents under R.C. 5123.62, that they were negligent in breaching the duty under R.C. 5123.62 and thus, were the direct and proximate cause of death. 03/25/08 Amended Complaint.

¶{13} In response to the complaint, MCMHB filed a Motion to Dismiss, claiming that R.C. 5123.62 and R.C. 5123.64 applied to the Department of Mental Retardation and Development Disabilities (MRDD), not to MCMHB. The estate replied to the motion asserting that it should not be granted because MCMHB failed to address the common law claims. It also disputed MCMHB's argument that R.C. Chapter 5123 did not apply to MCMHB. MCMHB responded asserting that the common law claims are barred by immunity under R.C. Chapter 2744.

¶{14} Following a hearing the magistrate determined that the motion to dismiss should be denied. 07/10/09 Decision. It stated that immunity was raised for the first time in the response and thus, was outside the scope of its review and would not be considered. It then found that MCMHB failed to establish that R.C. Chapter 5123 does

not apply to it. 07/10/09 Decision. MCMHB filed objections to that decision claiming once again that R.C. Chapter 5123 applies to MRDD and not to it. It also stated that the magistrate erred in refusing to consider immunity under R.C. 2744.02(B)(2) or R.C. 2744.02(B)(5). The estate filed a motion in opposition to objections. 10/06/09.

¶{15} After reviewing the objections and response to objections, the trial court stated that R.C. Chapter 5123 does not apply to MCMHB and the magistrate should have considered immunity. It then went on to state that none of the exceptions to immunity applied to MCMHB. It then concluded that the "Motion to Dismiss should have been granted" and sustained the objections. 10/20/09 J.E. The estate then filed a motion to clarify that judgment because it did not contain Civ.R. 54(B) language and it did not contain language that returned the matter to the magistrate for further determination. 10/29/09 Motion.

¶{16} On January 19, 2010, the trial court clarified its decision. It restated all of the findings it made in the October 20, 2009 judgment entry, concluded that "the Motion to Dismiss should have been granted," and sustained the objections. It then added no just cause for delay language and that the order is a final appealable order. 01/19/10 J.E. The estate timely appeals from that decision.

## STANDARD OF REVIEW

¶{17} In this appeal we are reviewing the trial court's decision to grant MCMHB's Civ.R. 12(B)(6) Motion to Dismiss. When reviewing a judgment on a Civ.R. 12(B)(6) motion to dismiss for failure to state a claim upon which relief can be granted, an appellate court's standard of review is de novo. *Perrysburg Twp. v. Rossford,* 103 Ohio St.3d 79, 2004-Ohio-4362, ¶5. A Civ.R. 12(B)(6) motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint. *State ex rel. v. Hanson v. Guernsey Cty. Bd. of Commrs.* (1992), 65 Ohio St.3d 545, 548. In order to dismiss a complaint for failure to state a claim upon which relief can be granted, the court must find beyond doubt that appellant can prove no set of facts warranting relief after it presumes all factual allegations in the complaint are true, and construes all reasonable inferences in appellant's favor. *State ex rel. Seikbert v. Wilkinson* (1994), 69 Ohio St.3d 489, 490. See, also, *Percy Squire Co., L.L.C. v. City of Youngstown*, 7th Dist No. 05MA33, 2005-Ohio-6442, ¶5 (reviewing the

decision of a trial court adopting the magistrate's decision to dismiss the complaint). With that standard in mind, we now turn to the assignments raised in this appeal.

FIRST ASSIGNMENT OF ERROR

¶{18} "THE TRIAL COURT ERRED IN REVERSING THE MAGISTRATE AND HOLDING THAT ORC § 5123 DOES NOT IMPOSE LIABILITY ON THE MAHONING COUNTY MENTAL HEALTH BOARD."

¶{19} The issue the parties' present under this assignment of error is whether R.C. Chapter 5123 applies to the MCMHB. We, however, do not need to reach a decision on that issue because assuming it does apply, MCMHB is immune from liability under R.C. 2744.02.

¶{20} The general rule in R.C. 2744.02(A)(1) is that a political subdivision may not be held liable in damages for injury or loss caused by an act or omission in connection with a governmental or proprietary function. That rule applies to MCMHB. See R.C. 2744.01(F); R.C. 340.01; R.C. 340.03(D). The general rule of immunity, however, is subject to the five exceptions carved out in R.C. 2744.02(B). In these five circumstances, a political subdivision will be responsible for its tortious conduct.

¶{21} In the complaint, the estate asserts that MCMHB violated R.C. 5123.62 and R.C. 5123.64 and as such is liable for Stephen's death. R.C. 5123.62 is sometimes referred to as the Bill of Rights for Persons with Mental Retardation or a Developmental Disability because it contains a non-inclusive list of rights persons with mental retardation or developmental disabilities are entitled to. *Estate of Ridley v. Hamilton Cty. Bd. of Mental Retardation & Development*, 102 Ohio St.3d 230, 2004-Ohio-2629; *Havely v. Franklin Cty.*, 10th Dist. No. 07AP-1077, 2008-Ohio-4889. R.C. 5123.64 is the statute that is used to enforce a violation of R.C. 5123.62.

¶{22} Given the estate's claims that MCMHB is civilly liable because it violated R.C. 5123.62 and R.C. 5123.64, the only possible exception to immunity under R.C. 2744.02(B) is subsection (5). This section states:

¶{23} "(5) In addition to the circumstances described in divisions (B)(1) to (4) of this section, a political subdivision is liable for injury, death, or loss to person or property when **civil liability is expressly imposed upon the political subdivision by a section of the Revised Code**, including, but not limited to, sections 2743.02 and

5591.37 of the Revised Code. Civil liability shall not be construed to exist under another section of the Revised Code merely because that section imposes a responsibility or mandatory duty upon a political subdivision, because that section provides for a criminal penalty, because of a general authorization in that section that a political subdivision may sue and be sued, or because that section uses the term 'shall' in a provision pertaining to a political subdivision." (Emphasis added).

¶{24} In its final judgment, the trial court made the following statement:

¶{25} "The Court has reviewed §2744.02(A) which provides a blanket immunity to political subdivisions for injuries that occur in the performance of a governmental or proprietary function. Furthermore, the Court has reviewed the five exceptions to this immunity listed in §2744.02(B). The Court finds that none of the exceptions apply to this matter."

¶{26} Likewise, as to MCMHB's codefendant, City of Youngstown, the trial court specifically found:

¶{27} "As a result, ORC §5123.62-64 does not expressly grant liability as required by ORC §2744.02(B)(5) and as such does not apply." 01/26/10 J.E.

¶{28} The trial court's conclusion that R.C. 5123.62 and R.C. 5123.64 do not strip the general grant of immunity is correct.

¶{29} R.C. 5123.64, the enforcement statute, states in pertinent part:

¶{30} "(B) Any person with mental retardation or a developmental disability who believes that the person's rights as enumerated in section 5123.62 of the Revised Code have been violated may:

¶{31} "* * *

¶{32} "(3) Take any other appropriate action to ensure compliance with sections 5123.60 to 5123.64 of the Revised Code, including the filing of a legal action to enforce rights or to recover damages for violation of rights." R.C. 5123.64 (effective version for cause of action).

¶{33} A sister district has found that that statute does not expressly impose liability and, as such, R.C. 2744.02(B)(5) does not strip liability. *Havely*, 10th Dist. No. 07AP-1077, 2008-Ohio-4889, ¶54-55 (injured party was suing the Department of

Mental Retardation and Developmental Disability (MRDD)).[1] In reaching that decision, the Tenth Appellate District reviewed the Ohio Supreme Court's decision in *Cramer v. Auglaize Acres*, 113 Ohio St.3d 266, 2007-Ohio-1946, where the supreme court found that R.C. 2744.02(B)(5) applies to strip the political subdivision of immunity because the Ohio Nursing Home Patients' Bill of Rights expressly imposed liability. *Havely*, supra, ¶54. The Tenth Appellate District then compared the Nursing Home Patients' Bill of Rights statute, R.C. 3721.71(I) and R.C. 5123.64. Id. at ¶55. R.C. 3721.17(I) specifically states:

¶{34} "(I)(1)(a) Any resident whose rights under sections 3721.10 to 3721.17 of the Revised Code are violated has a cause of action against any person or home committing the violation."

¶{35} Consequently, since that statute specifically authorizes a civil action against the individual tortfeasor and the "home," and R.C. 5123.64 contains no specific authorization for the bringing of a suit against political subdivisions that operate facilities for the mentally retarded, the Tenth Appellate District concluded that R.C. 2744.02(B)(5) prohibits construing liability to exist solely because a statute imposes a responsibility or mandatory duty upon a political subdivision. Id.

¶{36} In coming to that determination, the Tenth Appellate District also commented that the Ohio Supreme Court "has observed that no section of the Ohio Revised Code expressly imposes liability upon a public agency for the failure to perform the duties enumerated in R.C. 5123.62. *Estate of Ridley v. Hamilton Cty. Bd. of Mental Retardation and Dev. Disabilities,* 102 Ohio St.3d 230, 2004-Ohio-2629." Id.

¶{37} In *Estate of Ridley*, the estate conceded that no section of the Revised Code expressly imposed liability for failure to perform the duties in R.C. 5123.62. Instead it argued that the Enforcement Clause of the Fourteenth Amendment would satisfy R.C. 2744.02(B)(5). 102 Ohio St.3d 230, 2004-Ohio-2629, ¶24. The Court concluded that "none of these code sections-R.C. 5123.62, * * * -through the Enforcement Clause of the Fourteenth Amendment expressly imposes liability within the meaning of former R.C. 2744.02(B)(5)." Id. at ¶26.

---

[1]The version of R.C. 5123.64(B) used to decide *Havely* is identical to the version of R.C. 5123.64(B) that is at issue in this case.

**¶{38}** The Supreme Court decision in *Estate of Ridley* is not directly on point as to whether R.C. 5123.64 expressly imposes liability on a political subdivision. However, our sister district's reasoning in *Havely* concerning the Supreme Court's decision in *Cramer* and the comparison of R.C 5123.64 to R.C. 3721.17(I) is helpful. Thus, we find the Tenth Appellate District's decision that R.C. 5123.64 does not expressly impose liability well reasoned and persuasive, and accordingly adopt it as our own. Therefore, we hold that R.C. 5123.64 does not strip MCMHB's general grant of immunity under R.C. 2744.02 and thus, MCMHB is immune from any liability brought under R.C. Chapter 5123.

**¶{39}** Consequently, sovereign immunity applies and, as such, regardless of whether R.C. 5123 applies to MCMHB the trial court's decision to dismiss the complaint was appropriate. This assignment of error has no merit.

SECOND ASSIGNMENT OF ERROR

**¶{40}** "THE TRIAL COURT INCORRECTLY REVERSED THE MAGISTRATE AND ALLOWED REBUTTAL ARGUMENT OF APPELLEE CONCERNING STATUTORY IMMUNITY WHEN THE SAME WAS IMPERMISSABLY [SIC] RAISED FOR THE FIRST TIME IN A REPLY BRIEF."

**¶{41}** As aforementioned, in MCMHB's motion to dismiss for failure to state a claim it concentrated solely on the statutory claims asserted against it under R.C. Chapter 5123, and did not address the common law claims. In response to the motion to dismiss, the estate asserted that the common law claims could not be dismissed since MCMHB did not provide a basis for their dismissal. MCMHB replied arguing that the complaint did not raise common law claims, but alternatively argued that if it did - those claims were barred by R.C. 2744.02, sovereign immunity. The magistrate determined that the complaint raised common law claims and since the issue of immunity was raised for the first time in the reply brief, it was outside the scope of review. The trial court disagreed with the magistrate and found that since the common law claims were addressed in the brief in opposition to the motion to dismiss, MCMHB was entitled to respond to the argument. It then considered the immunity argument and found that it applied.

**¶{42}** Our starting point in determining whether the trial court committed any error is whether the complaint raised a common law cause of action. MCMHB focuses on the Ninth Claim for Relief to support its position that the complaint did not assert a common law cause of action. This portion of the complaint reads:

**¶{43}** "48. All Defendants herein are providers of services to persons with mental retardation or developmental disabilities and are therefore obligated to provide those rights enumerated in Sections 5123.62 of the Ohio Revised Code.

**¶{44}** "49. All Defendants were negligent, breaching their duties of care as set forth in Ohio Revised Code Section 5123.64, thus directly and proximately causing the death of Stephen A. Lawson." 03/25/08 Amended Complaint.

**¶{45}** MCMHB is correct that these paragraphs do not raise a common law negligence cause of action. However, paragraphs 27 and 30, which are part of the Fifth Claim for Relief, specifically state:

**¶{46}** "Defendant M.H.B. owed duties to Stephen A. Lawson, which included both **common law** and statutory duties to provide for his health, safety and welfare and to protect him from harm pursuant to but not limited by O.R.C. 5123.61.

**¶{47}** "* * *

**¶{48}** "Defendant M.H.B. knew, had reason to know, or should have known of documented attacks and criminal offenses by Defendant DiCioccio prior to March 7, 2007, and failed to remove him, for his own protection and the protection of others, including Plaintiff's Decedent, Stephen A. Lawson." 03/25/08 Amended Complaint. (Emphasis Added).

**¶{49}** Since these paragraphs clearly assert a common law duty and a breach of that duty, MCMHB's assertion that the complaint did not raise common law negligence is incorrect. However, that does not necessarily mean that this assignment of error has merit. We must determine whether MCMHB could argue for the first time in the reply to the motion in opposition to the motion to dismiss that the common law claims were barred by the doctrine of sovereign immunity.

**¶{50}** Typically reply briefs are restricted to matters in rebuttal, not new arguments. The problem with allowing a new argument to be asserted in a reply in support of the original motion is that it does not give the party opposing the motion the

opportunity to respond. *Buren v. Karrington Health, Inc.*, 10th Dist. No. 00AP-1414, 2002-Ohio-206 (stating for purposes of a summary judgment motion, the motion to strike the reply that raised a claim that was not raised in the summary judgment motion should have been granted because it left the opposing party without the ability to respond to the new argument).

¶{51} That said, nothing prevented the estate from moving to strike the argument or requesting the opportunity to file a surreply. One appellate court has found in the context of summary judgment that if a reply raises new arguments and the non-moving party fails to file a motion to strike, the non-moving party is precluded from arguing on appeal that it was "ambushed" by the new argument. *Internatl. Fid. Ins. Co. v. TC Architects, Inc.*, 9th App. Dist. No. 23112, 2006-Ohio-4869, ¶11, citing *Collins v. Emro Marketing, Co.* (May 11, 1999), 10th Dist. No. 98AP-1014 (stating that Appellant's failure to file motion to strike Appellee's reply brief in trial court on grounds that reply brief raised new arguments precluded appeal on the issue of "summary judgment by ambush").

¶{52} Here, there is no evidence that the estate moved to strike. There is no written motion in the file. Furthermore, there is no transcript of the hearing on the motion to dismiss that occurred before the magistrate. Thus, we do not know whether the estate orally moved to strike the reply as it pertained to arguing common law claims. It was the estate's obligation to have a transcript of that hearing provided to this court. App.R. 9. Without the transcript and no evidence that the estate moved to strike the reply, we find that MCMHB waived the argument raised in this assignment of error.

¶{53} This assignment of error lacks merit. However, even if it did have merit, as the first and third assignments of error show, given the claims raised, MCMHB is immune from statutory and common law liability and therefore, any error would be harmless.

<u>THIRD ASSIGNMENT OF ERROR</u>

¶{54} "THE TRIAL COURT GRANTED APPELLEE A DISMISSAL THROUGH AN OBJECTION HEARING ON AN ISSUE THAT WAS NOT RULED ON BY THE

MAGISTRATE AND THEREFORE WAS OUTSIDE OF THE SCOPE OF REVIEW FOR THE TRIAL COURT.”

**¶{55}** Civ.R. 53(D)(4)(d) states that “If one or more objections to a magistrate’s decision are timely filed, the court shall rule on those objections.” However, that does not mean that the trial court’s review only extends to those objections. Other portions of Civ.R. 53(D) clearly indicate that the trial court is permitted to review the entire ruling and issue a ruling on the matters before it, even matters that the magistrate did not decide. For instance, Civ.R. 53(D)(4)(b) provides:

**¶{56}** “*Action on magistrate’s decision.* Whether or not objections are timely filed, a court may adopt or reject a magistrate’s decision in whole or in part, with or without modification. A court may hear a previously-referred matter, take additional evidence or return the matter to a magistrate.”

**¶{57}** This provision indicates that regardless of whether objections are filed, the trial court has a wide range of options in addressing the magistrate’s decision. Staff Notes to Civ.R. 53 (stating “Civ.R. 53(D)(4)(b) provides a court may properly choose among a wide range of options in response to a magistrate’s decision, whether or not timely objections are filed.”). Logically, Civ.R. 53(D)(4)(b) includes the situation where the magistrate does not decide an issue because it determined the issue was not properly raised and the trial court disagrees with that decision. In that situation, by the language of this section, the trial court does not have to return the matter to the magistrate (although it could); rather it can decide the matter itself.

**¶{58}** Consequently, we find the trial court had the authority to issue a ruling on the application of immunity without first sending the matter to the magistrate to decide.

**¶{59}** Furthermore, although the estate makes no counter argument concerning MCMHB’s contention that all claims against it are barred by the doctrine of sovereign immunity, we find that they are and thus, any possible error under this assignment would amount to harmless error. The only plausible exceptions to immunity are R.C. 2744.02(B)(2) and (B)(5). As discussed above, subsection (B)(5) does not strip the general grant of immunity.

**¶{60}** Subsection (B)(2) also does not strip the general grant of immunity. This section provides:

¶{61} "(2) Except as otherwise provided in sections 3314.07 and 3746.24 of the Revised Code, political subdivisions are liable for injury, death, or loss to person or property caused by the negligent performance of acts by their employees with respect to proprietary functions of the political subdivisions."  R.C. 2744.02(B)(2).

¶{62} R.C. 2744.01 provides lists of specific functions that are considered governmental and proprietary functions and contains general definitions for governmental functions and proprietary functions.  R.C. 2744.01(C)(1) (general definition of governmental function; R.C. 2744.01(C)(2) (list of governmental functions); R.C. 2744.01(G)(1) (general definition of proprietary function); R.C. 2744.01(G)(2) (list of proprietary functions).  R.C. 2744.02(C)(1)(n) specifically indicates that the operation of a health board is a governmental function.  As MCMHB states a review of claims against the MCMHB show that they are governmental functions.  Thus, R.C. 2744.02(B)(2) does not strip MCMHB's general grant of immunity.

### CONCLUSION

¶{63} For the foregoing reasons, all assignments of error lack merit.  The judgment of the trial court is hereby affirmed.

Waite, J., concurs.
DeGenaro, J., concurs.