[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. McDougald v. Greene*, Slip Opinion No. 2020-Ohio-2782.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2020-OHIO-2782

THE STATE EX REL. MCDOUGALD *v.* GREENE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. McDougald v. Greene*, Slip Opinion No. 2020-Ohio-2782.]

*Mandamus—Public-records law—When there is no evidence rebutting a public-records custodian's affidavit claiming that the requested records do not exist, the public-records custodian satisfies his obligations under R.C. 149.43—Writ denied.*

(No. 2019-1180—Submitted February 25, 2020—Decided May 6, 2020.)

IN MANDAMUS.

_____

**Per Curiam.**

{¶ 1} Relator, Jerone McDougald, seeks a writ of mandamus to compel respondent, Larry Greene, the public-records custodian at the Southern Ohio Correctional Facility ("SOCF"), to provide McDougald with three public records and to pay McDougald statutory damages and the court costs associated with this

litigation. Also pending are McDougald's motions to consider the exhibits attached to his complaint as substantive evidence and for leave to amend his complaint and merit brief. We grant the motion to consider the exhibits, deny the writ of mandamus on the merits, and deny the motion for leave to amend. McDougald has also filed a "motion directing this court to take judicial notice" which, given its content, we construe as a reply brief.

## I. Background

{¶ 2} In February 2018, when McDougald was an inmate at SOCF, he submitted a public-records request to Greene through the prison kite system. McDougald requested (1) an "incident report" involving the use of force, (2) the deputy warden's review of that use of force, and (3) an investigative-summary report of that same incident. On February 23, 2018, Greene provided the incident report to McDougald. However, Greene indicated that the other two records that McDougald had requested did not exist.

{¶ 3} On August 23, 2019, McDougald filed the present complaint for a writ of mandamus, seeking an order compelling Greene to provide the two documents and to pay McDougald statutory damages and the court costs associated with this litigation. After Greene filed an answer, we granted an alternative writ and ordered that the parties present evidence and file briefs in accordance with S.Ct.Prac.R. 12.05. 157 Ohio St.3d 1481, 2019-Ohio-4474, 134 N.E.3d 196. The parties submitted merit briefs, and Greene submitted evidence.

{¶ 4} On December 30, 2019, McDougald filed a motion asking that this court consider the documents attached to his complaint as substantive evidence. He also filed what was styled as a motion asking this court to take judicial notice of certain facts. Greene has not opposed either motion. On February 5, 2020, McDougald filed a motion for leave to amend his complaint and merit brief, which Greene has opposed.

## II. Analysis

*A. McDougald's motion to consider documents attached to his complaint as substantive evidence*

{¶ 5} McDougald asks this court to consider the documents attached to his complaint as substantive evidence. These documents include at least one document of significance that is not otherwise in the record—namely, Greene's written response to McDougald's public-records request. Greene has not opposed this motion or otherwise challenged the authenticity, relevance, or admissibility of the documents. We therefore grant this motion.

*B. The merits of McDougald's complaint*

{¶ 6} R.C. 149.43(B)(1) requires a public office to make copies of public records available to any person upon request, within a reasonable period of time. A "public record" is a record "kept by any public office." R.C. 149.43(A)(1). Mandamus is an appropriate remedy by which to compel compliance with Ohio's Public Records Act, R.C. 149.43. R.C. 149.43(C)(1)(b).

{¶ 7} To be entitled to the writ, McDougald must demonstrate that he has a clear legal right to the requested relief and that Greene has a clear legal duty to provide that relief. *State ex rel. Cincinnati Enquirer v. Sage*, 142 Ohio St.3d 392, 2015-Ohio-974, 31 N.E.3d 616, ¶ 10. McDougald must prove his right to relief by clear and convincing evidence. *Id*. However, the Public Records Act "is construed liberally in favor of broad access, and any doubt is resolved in favor of disclosure of public records." *State ex rel. Cincinnati Enquirer v. Hamilton Cty.*, 75 Ohio St.3d 374, 376, 662 N.E.2d 334 (1996).

{¶ 8} In his merit brief, McDougald notes that of the three documents he requested, he received only the incident report and that Greene claimed that the use-of-force review and the investigative-summary report did not exist. McDougald contends that because regulations require the Ohio Department of Rehabilitation and Corrections ("ODRC") to create these records whenever there is an incident

report, Greene's statement must be false. He concludes that Greene therefore failed to comply with his statutory duties under R.C. 149.43 and that he (McDougald) is entitled to an award of statutory damages and court costs.

{¶ 9} But Greene has provided an affidavit claiming that the records do not exist, and McDougald has not done anything to rebut that affidavit so as to clearly show that the documents exist and hence that he has a right to them. If Greene's representation is true—and there is no evidence in the record to suggest otherwise—then his response to McDougald fully satisfied his obligations under R.C. 149.43. McDougald is therefore not entitled to a writ of mandamus compelling Greene to produce those records.

{¶ 10} Additionally, McDougald is not entitled to statutory damages. A person who makes a public-records request in compliance with R.C. 149.43 "shall" be entitled to recover an award of statutory damages "if a court determines that the public office or the person responsible for public records failed to comply with an obligation in accordance with division (B) of this section." R.C. 149.43(C)(2). Accordingly, we find that Greene did not fail to comply with his obligations under R.C. 149.43, so there is no basis to award McDougald statutory damages. In reaching this conclusion, we need not decide whether McDougald's prison kite was a qualifying method of delivery under R.C. 149.43(C)(2) for an award of statutory damages and we take no position on that issue.

{¶ 11} Finally, we deny McDougald's request that Greene pay the court costs of this litigation. Generally, R.C. 149.43(C)(3)(a)(i) authorizes a court to award court costs only when a writ of mandamus has been granted. *See State ex rel. Kesterson v. Kent State Univ.*, 156 Ohio St.3d 13, 2018-Ohio-5108, 123 N.E.3d 887, ¶ 23.

{¶ 12} McDougald's complaint for a writ of mandamus is hereby denied.

### *C. McDougald's motion for leave to amend*

**{¶ 13}** On February 5, 2020, McDougald filed a motion for leave to amend his complaint and merit brief "to specify that his public records request kite was hand delivered to Larry Greene during his inmate communication weekly rounds pursuant to ODRC policy 50-PAM-02 on February 14, 2018." Under the version of R.C. 149.43 that was in effect at the time McDougald made his request, a requester qualified for statutory damages only if he transmitted the request by hand delivery or certified mail. R.C. 149.43(C)(2).[1] McDougald's motion for leave to amend is presumably an effort to satisfy that requirement.

**{¶ 14}** A motion for leave to amend may be denied when the proposed amendment would be futile. *State ex rel. Leneghan v. Husted*, 154 Ohio St.3d 60, 2018-Ohio-3361, 110 N.E.3d 1275, ¶ 2 (motion for leave to amend a complaint denied when a proposed amendment would not cure the defects that prevented the original complaint from stating a claim for relief). As stated above, McDougald is not entitled to statutory damages because Greene met his responsibilities under R.C. 149.43. Therefore, permitting McDougald to amend his complaint and merit brief to establish the manner of service would be a futile act. McDougald's motion for leave to amend is denied.

### *D. McDougald's motion for judicial notice*

**{¶ 15}** Finally, McDougald filed a motion to take judicial notice. In substance, however, the motion—while it is styled as a motion to take judicial notice—is actually a reply brief attempting to respond to some of the claims in Greene's brief. We therefore construe the "motion" as what it really is—a reply brief—and hence no ruling on it is required.

Writ denied.

---

1. Effective November 2, 2018, R.C. 149.43(C)(2) was amended to include "electronic submission" as a qualifying method of delivery. 2018 Sub.H.B.No. 34.

O'CONNOR, C.J., and FRENCH, FISCHER, DEWINE, and STEWART, JJ., concur.

KENNEDY, J., concurs in judgment only, with an opinion.

DONNELLY, J., concurs in judgment only.

———————————

**KENNEDY, J., concurring in judgment only.**

{¶ 16} I concur in the majority's judgment to deny the complaint for a writ of mandamus of relator, Jerone McDougald, but for different reasons.

{¶ 17} In McDougald's motion for judicial notice, he responds to the representations that respondent, Larry Greene, the public-records custodian at the Southern Ohio Correctional Facility, makes in his merit brief and in the affidavit that Greene attached to his merit brief. In the affidavit, Greene avers that he provided the requested incident report to McDougald. Greene also states, "However, the deputy warden of operations review of the use of force and the investigative summary report did not exist at the time of the request."

{¶ 18} The majority essentially ignores McDougald's response to Greene's assertion. McDougald argues that the two missing reports—the deputy warden's review of the use-of-force and the investigative-summary report—*must* exist because one of the policies for the Ohio Department of Correction and Rehabilitation ("ODRC") requires that those reports be included with the use-of-force report. He urges this court to refer to ODRC's use-of-force policies on its website. *See* ODRC Policies, https://www.drc.ohio.gov/policies (accessed Apr. 13, 2020) [https://perma.cc/QC6E-X6RV]. McDougald cites ODRC's policy 63-UOF-02, which indeed requires the reports that McDougald requests be included with the incident report. Use of Force Report, https://drc.ohio.gov/Portals/0/Policies/DRC%20Policies/63-UOF-02%20(June%202019).pdf?ver=2019-06-11-094830-263 (accessed Apr. 13, 2020) [https://perma.cc/HYZ6-WRAM].

**{¶ 19}** However, 63-UOF-02 has an effective date of June 10, 2019, *id.*, and the incident report at the heart of McDougald's records request was filed on December 16, 2015. Therefore, the policy that McDougald references came into effect well after the use-of-force incident occurred. McDougald did not provide this court with any reference to what the ODRC policy was at the time of the incident. Therefore, 63-UOF-02 does nothing to foster the conclusion that the reports must exist.

**{¶ 20}** With no evidence before us that the reports must exist, we have no reason to conclude that they do exist. Therefore, I would deny McDougald's complaint for a writ of mandamus.

**{¶ 21}** Accordingly, I concur in judgment only.

_____

Jerone McDougald, pro se.

Dave Yost, Attorney General, and Jared S. Yee, Assistant Attorney General, for respondent.

_____