[Cite as *Culgan v. Hanlin*, 2026-Ohio-549.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## JEFFERSON COUNTY

CLIFFORD CULGAN,

Plaintiff-Appellant,

v.

JANE HANLIN,
JEFFERSON COUNTY PROSECUTOR, ET AL.,

Defendants-Appellees.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 25 JE 0022**

---

Civil Appeal from the
Court of Common Pleas of Jefferson County, Ohio
Case No. 25 CV 51

**BEFORE:**
Mark A. Hanni, Carol Ann Robb, Katelyn Dickey, Judges.

---

**JUDGMENT:**
Reversed and Remanded.

---

Clifford Culgan, *Pro se*, Plaintiff-Appellant and

*Atty. Aaron M. Glasgow* and *Atty. Kyle R. Davidson*, Isaac Wiles Burkholder & Miller, LLC,
for Defendants-Appellees.

Dated: February 18, 2026

**HANNI, J.**

{¶1} Plaintiff-Appellant, Clifford Culgan, appeals from a Jefferson County Common Pleas Court judgment awarding summary judgment in favor of Defendants-Appellees, Jefferson County Prosecutor Jane Hanlin and the Jefferson County Prosecutor's Office (collectively "the prosecutor"), on Culgan's claim asserting the prosecutor had destroyed certain public records that he had requested. Because the trial court did not provide Culgan with time to respond to a new basis for summary judgment raised for the first time in the prosecutor's reply in support of summary judgment, this matter is reversed and remanded to the trial court.

{¶2} The Ohio Supreme Court set out the relevant facts of this case in a mandamus action filed by Culgan in *State ex rel. Culgan v. Jefferson Cty. Prosecutor*, 2024-Ohio-4715, ¶ 3-6:

> Culgan alleges that on July 31, 2023, he emailed a public-records request to Gigi Moro, a legal assistant at the prosecutor's office. Moro is responsible for responding to public-records requests emailed to the prosecutor's office. Culgan asked for records "related to the investigation(s) and trial of John Wells in *State v. Wells*, Jefferson County Court of Common Pleas Case No. 97-CR-163; and investigations of other persons connected to th[at] case." The request described 14 categories of records, which encompassed "any and all" records related to the prosecutor's investigation, decisions, and handling of witnesses and evidence in *State v. Wells*. The request included statements from all potential witnesses in *Wells*, their criminal histories, and evidence of any prosecutions that could have been brought against them; training manuals and guides pertaining to arrests, photo arrays, and identification procedures that were "not used" in *Wells*; and all records of other suspects investigated in *Wells*.

> On September 20, 2023, Culgan emailed two more public-records requests to the prosecutor's office. The first asked for "public records related to the investigation(s) and trial of Thomas Wells in *State v. Wells*, Jefferson County Common Pleas Case No. 97-CR-173; and investigations

of other persons connected to th[at] case." Eight minutes later, Culgan emailed a separate request asking for "public records related to the investigation(s) and trial of Drema Jean Wells in *State v. Wells*, Jefferson County Common Pleas Case No. 98-CR-5; and investigations of other persons connected to this case." In both emails, Culgan repeated his request for the 14 categories of records that he had sought regarding the criminal prosecution of John Wells.

The prosecutor denies receiving Culgan's July 2023 request but acknowledges receiving Culgan's September 2023 requests. According to Moro, the prosecutor's office conducted "a thorough search of its records," which took several months because of the extent of the requests and the age of the cases involved. The prosecutor's office determined that it had no records responsive to Culgan's requests.

Culgan filed this action in November 2023, seeking a writ of mandamus ordering the prosecutor to immediately provide the requested public records, an award of statutory damages, and an order assessing costs against the prosecutor. This court granted an alternative writ and set a schedule for the parties' submission of evidence and merit briefs. 172 Ohio St.3d 1474, 2024-Ohio-202, 225 N.E.3d 1045. After we granted the alternative writ, the prosecutor emailed a formal response to Culgan's public-records request. The prosecutor's office informed Culgan that it had no records responsive to any of his three requests.

{¶3} The Supreme Court went on to find the prosecutor had not withheld any documents from disclosure. *Id.* at ¶ 7. It pointed out the prosecutor had attested that her office had no documents responsive to Culgan's public-records requests, and Culgan had offered no evidence to the contrary. *Id.* Thus, the Court denied Culgan's request for an in-camera inspection. *Id*.

{¶4} Next, the Court denied Culgan's request that the Court order the prosecutor to collect and reassemble records from other offices where they might be located and to provide records related to the prosecutor's destruction of records responsive to his public-

records request. *Id*. at ¶ 8. The Court reasoned that Culgan could not use a mandamus action to order the prosecutor's office to collect and reassemble records from *other* offices. *Id*. It also found that whether the prosecutor destroyed the requested records was not relevant as to whether Culgan was entitled to a writ of mandamus. *Id*. at ¶ 10. The Court noted: "Culgan cannot bring a claim in this court related to the improper destruction of records. Under R.C. 149.351, such a claim must be brought in the common pleas court of the county in which the alleged improper destruction of public records occurred." *Id*. at ¶ 11.

{¶5} The Court then concluded:

In this case, the prosecutor searched for the records that Culgan requested and has attested that her office has no documents responsive to Culgan's public-records requests. When a public office attests that it does not have responsive records, the relator in a public-records mandamus case bears the burden of proving by clear and convincing evidence that the requested records exist and are maintained by the public office. *State ex rel. Gooden v. Kagel*, 138 Ohio St.3d 343, 2014-Ohio-869, 6 N.E.3d 1170, ¶ 8; *see also State ex rel. Barr v. Wesson*, 174 Ohio St.3d 1, 2023-Ohio-3080, 233 N.E.3d 563, ¶ 16. Culgan provides no such evidence in this case. Rather, Culgan argues that there have been many postconviction motions litigated in *State v. Wells*, Jefferson C.P. No. 97-CR-163, so there must be records responsive to his public-records requests.

Culgan does not explain how the postconviction litigation in *State v. John Wells* would necessarily generate documents responsive to his public-records requests, much less which of his 42 requests those documents would be responsive to. Rather, Culgan's arguments boil down to nothing more than his belief that there must be records responsive to his public-records requests. But his belief that there are responsive documents is not sufficient evidence to establish that they exist. *See State ex rel. McCaffrey v. Mahoning Cty. Prosecutor's Office*, 133 Ohio St.3d 139, 2012-Ohio-4246, 976 N.E.2d 877, ¶ 26. Accordingly, Culgan is not entitled to a writ of mandamus compelling production of the records sought in his three public-

records requests. *See State* ex *rel. McDougald v. Greene*, 160 Ohio St.3d 82, 2020-Ohio-2782, 153 N.E.3d 75, ¶ 9 (holding that a relator who fails to rebut the affidavit of a records custodian stating that the requested records do not exist is not entitled to a writ of mandamus).

*Id*. at ¶ 13-14.

{¶6} Subsequently, on January 30, 2025, Culgan filed three complaints in the trial court claiming that the prosecutor violated R.C. 149.351(A) by unlawfully removing, destroying, transferring, or disposing of the public records he sought in his public records request (one from each of the three criminal cases for which he sought public records). He sought injunctive relief requesting an order to compel the prosecutor to reassemble or reestablish the records he sought and monetary relief in the amount of $10,000. The trial court consolidated the three cases.

{¶7} On July 18, 2025, the prosecutor filed a motion for summary judgment asserting no genuine issues of material fact existed, Culgan's claims were barred by the statute of limitations under R.C. 149.351(D), and Culgan's claims were barred by the doctrine of res judicata.

{¶8} On August 18, 2025, Culgan filed a combined brief in opposition to the prosecutor's motion for summary judgment and his own motion for summary judgment.

{¶9} On August 26, 2025, the prosecutor filed a reply in support of the motion for summary judgment. In the reply, the prosecutor stated that their office was updating the court regarding a "significant factual development in this case". The prosecutor attached Prosecutor Hanlin's affidavit in which she averred to the following:

> The Jefferson County Prosecutor's Office is in the process of moving its office to a new location. As part of the move, we are relocating records, furniture, supplies, and other material in the office. During this process, we discovered old records that had been placed by a prior Prosecutor in a back room behind a cleaning room. The location of the files was nowhere near the records room where they should have been stored and where records for my office are kept in the normal course of business. The records from the three criminal cases that the Plaintiff previously requested were among the records that were discovered in the back room.

When we received Mr. Culgan's public records requests at issue in this case, we searched in all of the locations that the records would reasonably have been located. We had no reason to believe that any records of my office, including the records requested by Mr. Culgan, were in the back room, or to search in the back room for the records.

The records were provided to my counsel in this matter, and I understand that they have now been provided to Mr. Culgan.

(Hanlin Aff. ¶ 3-5).

{¶10} The prosecutor asserted that the discovery of these records undermined the basic premise of Culgan's claim, that being the records had been improperly destroyed. Therefore, the prosecutor asserted no genuine issue of fact existed and they were entitled to summary judgment.

{¶11} Three days later, on August 29, 2025, the trial court issued a judgment awarding summary judgment in favor of the prosecutor and stating in relevant part:

Due to this revelation [of the records being discovered] and the transmission of the records as soon as they were discovered, the matter complained of has become moot as the public records are not destroyed and [the] public records request has been complied with as soon as they were discovered and therefore there is no longer a justiciable controversy. Therefore, this Court dismisses the complaint.

{¶12} Culgan, still acting pro se, filed a timely notice of appeal on September 25, 2025. He now raises a single assignment of error.

{¶13} Culgan's sole assignment of error states:

THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT'S SUBSTANTIAL AND PROCEDURAL DUE COURSE AND DUE PROCESS RIGHTS, AND RIGHT TO ACCESS COURTS, BY DISMISSING THE COMPLAINT AS "MOOT" BASED UPON NEWLY PRESENTED MATTERS WITHOUT FIRST PROVIDING THE APPELLANT THE OPPORTUNITY TO RESPOND.

Case No. 25 JE 0022

**{¶14}** Culgan argues the trial court did not rule on the issues presented by the two opposing motions for summary judgment. Instead, he asserts the court dismissed the complaint as moot based on new information presented by the prosecutor, without providing him with notice and the opportunity to be heard on these claims. Culgan goes on to claim that not every record he requested was provided to him. He asserts that genuine issues of material fact exist as to whether the prosecutor's office destroyed or withheld these records. And without providing him with a chance to respond to the prosecutor's most recent filing, Culgan claims it was impossible for the trial court to have known whether a genuine issue of material fact still existed.

**{¶15}** In response, the prosecutor asserts the trial court properly found Culgan's complaint for improper disposal of public records is now moot because the files were located and provided to Culgan. They emphasize that Culgan's sole claim was that they improperly destroyed public records. They go on to argue that their argument in their initial summary judgment motion was that Culgan failed to provide any evidence that they destroyed the records. Thus, the prosecutor argues, Culgan had the opportunity to respond to their argument, which has remained the same.

**{¶16}** The prosecutor next argues that Culgan did not present any evidence that the public records had been destroyed within the period for their retention under Jefferson County's retention schedule. They assert Culgan failed to put forth any evidence of *when* the records were allegedly destroyed. The prosecutor points out that under the Jefferson County records retention schedule for the prosecutor's office, case files are to be retained for 15 years (other than murder case files which are to be retained permanently). The oldest records in the case files requested by Culgan date back to May 22, 1998. Therefore, the prosecutor argues, Culgan would have to present evidence that these case files were destroyed before May 22, 2013. Because Culgan cannot produce any evidence that the files were disposed of at all, let alone disposed of before May 22, 2013, the prosecutor contends summary judgment in their favor was warranted.

**{¶17}** Additionally, the prosecutor asserts summary judgment was proper because Culgan's action is barred by the statute of limitations. Pursuant to R.C. 149.351(E), a person has five years after the violation to commence their action. Thus,

the prosecutor states the statute of limitations expired at its very latest on May 22, 2018. And Culgan did not file his claim until January 30, 2025.

{¶18} Finally, the prosecutor argues Culgan's claim is barred by the doctrine of res judicata. They point out that Culgan brought a mandamus action in the Ohio Supreme Court regarding these same records. The prosecutor asserts Culgan should have included his claim for destruction of records at that time too.

{¶19} A court may grant summary judgment only when (1) no genuine issue of material fact exists; (2) the moving party is entitled to judgment as a matter of law; and (3) the evidence can only produce a finding that is contrary to the non-moving party. *Mercer v. Halmbacher*, 2015-Ohio-4167, ¶ 8 (9th Dist.); Civ.R. 56(C). The initial burden is on the party moving for summary judgment to demonstrate the absence of a genuine issue of material fact as to the essential elements of the case with evidence of the type listed in Civ.R. 56(C). *Dresher v. Burt*, 75 Ohio St.3d 280, 292 (1996). A "material fact" depends on the substantive law of the claim being litigated. *Hoyt, Inc. v. Gordon & Assoc., Inc.*, 104 Ohio App.3d 598, 603 (8th Dist. 1995), citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-248 (1986).

{¶20} If the moving party meets its burden, then the burden shifts to the nonmoving party to set forth specific facts to show that there is a genuine issue of material fact. *Id.*; Civ.R. 56(E). "Trial courts should award summary judgment with caution, being careful to resolve doubts and construe evidence in favor of the nonmoving party." *Welco Industries, Inc. v. Applied Cos.*, 67 Ohio St.3d 344, 346 (1993).

{¶21} While it is true that an appellate court reviews a trial court's summary judgment decision de novo, we will not consider issues raised in summary judgment proceedings that the trial court failed to rule on. *Tree of Life Church v. Agnew*, 2014-Ohio-878, ¶ 27 (7th Dist.), citing *Conny Farms, Ltd. v. Ball Resources, Inc.*, 2011-Ohio-5472, ¶ 15.

{¶22} The only argument the trial court addressed here was the prosecutor's new argument that the documents had all been found and provided to Culgan. It did not address the arguments regarding the records retention period, the statute of limitations or res judicata. Thus, this Court will not consider these issues on appeal.

{¶23} The crux of Culgan's argument is that the trial court erred in granting summary judgment to the prosecutor based on the new argument the prosecutor raised in their reply brief without providing Culgan notice and an opportunity to respond.

{¶24} The prosecutor filed their reply in support of the motion for summary judgment on August 26, 2025. This reply stated, for the first time, that the records Culgan had requested were recently located and provided to him. The trial court granted summary judgment solely on this new basis just three days later on August 29, 2025, before hearing from Culgan or giving him a chance to respond.

{¶25} The Civil Rules provide the time frames a party has in which to respond to various filings. Pursuant to Civ.R. 6(C)(1):

> Responses to a written motion, other than motions for summary judgment, may be served within fourteen days after service of the motion. Responses to motions for summary judgment may be served within twenty-eight days after service of the motion. A movant's reply to a response to any written motion may be served within seven days after service of the response to the motion.

So pursuant to the Civil Rules, the trial court should have at least given Culgan seven days to reply to the prosecutor's reply in support of their motion for summary judgment given that the prosecutor raised a completely new basis for summary judgment in the reply.

{¶26} Moreover, "[a] party seeking summary judgment must specifically delineate the basis upon which summary judgment is sought in order to allow the opposing party a meaningful opportunity to respond." *Mitseff v. Wheeler*, 38 Ohio St.3d 112 (1988), at the syllabus. When a non-moving party raises new claims or grounds for relief in response to a motion for summary judgment, the movant is deprived of notice of the new claims and an opportunity to respond to them. *Chen v. Univ. of Dayton*, 2023-Ohio-4002, ¶ 81 (2d Dist.), citing *White v. Mt. Carmel Med. Ctr*., 2002-Ohio-6446, ¶ 30 (10th Dist.).

{¶27} As the Eleventh Appellate District has observed:

> It is well-established that a party moving for summary judgment must expressly delineate each basis on which it seeks summary judgment in its

motion so as to provide the opposing party a meaningful opportunity to respond. *Hicks v. Cadle Co.*, 11th Dist., 2016-Ohio-4728, 66 N.E.3d 1255, ¶18, quoting *Baker v. Coast to Coast Manpower, L.L.C.*, 3d Dist. Hancock No. 5-11-36, 2012-Ohio-2840, 2012 WL 2371470, ¶35. The danger in allowing a new argument to be asserted in a reply or a supplemental motion is that the opposing party does not have an opportunity to respond and may be subjected to summary judgment by ambush. *Id.*

*Deutsche Bank Natl. Tr. Co. as Tr. for Am. Home Mtge. Assets Tr. 2007-2, Mtge.-Backed Pass-Through Certificates Series 2007-2 v. Ayers*, 2020-Ohio-1332, ¶ 45 (11th Dist.).

**{¶28}** When a new argument is raised in a reply to a motion for summary judgment, the proper procedure is to either strike the reply or to allow the opposing party to file a surreply. *LNV Corp. v. Kempffer*, 2020-Ohio-4527, ¶ 17 (11th Dist.), citing *Ayers*, 2020-Ohio-1332, at ¶ 49 (11th Dist.), citing *Hicks v. Cadle Co.*, 2016-Ohio-4728, ¶ 18 (11th Dist.).

**{¶29}** This Court discussed the problem with allowing new summary judgment arguments to be raised in reply briefs:

Typically reply briefs are restricted to matters in rebuttal, not new arguments. The problem with allowing a new argument to be asserted in a reply in support of the original motion is that it does not give the party opposing the motion the opportunity to respond. *Buren v. Karrington Health, Inc.*, 10th Dist. No. 00AP-1414, 2002-Ohio-206 (stating for purposes of a summary judgment motion, the motion to strike the reply that raised a claim that was not raised in the summary judgment motion should have been granted because it left the opposing party without the ability to respond to the new argument).

That said, nothing prevented the estate from moving to strike the argument or requesting the opportunity to file a surreply. One appellate court has found in the context of summary judgment that if a reply raises new arguments and the non-moving party fails to file a motion to strike, the non-moving party is precluded from arguing on appeal that it was

"ambushed" by the new argument. *Internatl. Fid. Ins. Co. v. TC Architects, Inc*., 9th App. Dist. No. 23112, 2006-Ohio-4869, ¶ 11, citing *Collins v. Emro Marketing, Co.* (May 11, 1999), 10th Dist. No. 98AP-1014 (stating that Appellant's failure to file motion to strike Appellee's reply brief in trial court on grounds that reply brief raised new arguments precluded appeal on the issue of "summary judgment by ambush").

*Lawson v. Mahoning Cty. Mental Health Bd*., 2010-Ohio-6389, ¶ 50-51 (7th Dist.).

**{¶30}** It could be argued that Culgan failed to move to strike or for leave to file a surreply, and, thus, any objection to the consideration of the new basis and affidavit has been waived. *See LNV Corp.*, 2020-Ohio-4527, at ¶ 17 (11th Dist.). But Culgan did not have time to move to strike as the court granted summary judgment to the prosecutor and dismissed Culgan's complaint just three days after the prosecutor filed the reply.

**{¶31}** Based on the case law and the Civil Rules, because the prosecutor raised a new basis for summary judgment in their reply, the trial court erred in granting summary judgment in favor of the prosecutor without first providing Culgan seven days to respond or to file a motion to strike.

**{¶32}** Accordingly, Culgan's sole assignment of error has merit and is sustained.

**{¶33}** For the reasons stated above, the trial court's judgment is hereby reversed and the matter is remanded for further proceedings pursuant to law and consistent with this Court's opinion.

Robb, J., concurs.

Dickey, J., concurs.

———————————

For the reasons stated in the Opinion rendered herein, the assignment of error is sustained and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Jefferson County, Ohio, is reversed. We hereby remand this matter to the trial court for further proceedings according to law and consistent with this Court's Opinion. Costs to be taxed against the Appellees.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**